COLSON and wife, Appellants, vs. SALZMAN and wife, Respondents.

*February 10—March 6, 1956.*

398

For the appellants there were briefs by *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Adolph P. Lehner*.

For the respondents there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

BROADFOOT, J.  The plaintiffs first complain of finding of fact No. 17, which stated that the defendants, by virtue of the original deeds, have easements granting them riparian rights in the private-park reserve of said plat.  It is contended that this finding is contrary to law.  We agree with that contention.  Shawano lake is an inland, navigable, meandered lake, and the title to the soil under the waters thereof is held by the state in trust for the benefit of the public for navigation purposes and its various incidents.  Riparian owners have certain rights based upon title to the ownership of the bank or upland.  Among other such riparian rights is included the right of access and to construct in front of their land piers long enough to reach water actually navigable for such boats as are in use or appropriate to the lake. *Doemel v. Jantz,* 180 Wis. 225, 193 N. W. 393; *Bond v. Wojahn,* 269 Wis. 235, 69 N. W. (2d) 258.

The defendants claim only an easement. An easement has been defined in Wisconsin as a liberty, privilege, or advantage in lands, without profit, and existing distinct from the ownership of the soil. *Hazelton v. Putnam,* 3 Pin. 107; *Guse v. Flohr,* 195 Wis. 139, 217 N. W. 730, 221 N. W. 110; *Union Falls Power Co. v. Marinette County,* 238 Wis. 134, 298 N. W. 598. In *Polebitzke v. John Week Lumber Co.* 157 Wis. 377, 147 N. W. 703, it was held that an easement differs from a fee or a limited fee in that in case of an easement title does not pass but only a right to use or privilege in the land of another. It was held in *Doemel v. Jantz, supra,* that a riparian owner has the exclusive right of access to and from navigable waters to his shore. The defendants are not the owners of any portion of the private-parking reserve by virtue of the easements contained in their deeds. The Lake View Company is the riparian owner thereof and has the exclusive riparian rights. The company, of course, can permit the defendants, the plaintiffs, and other lot owners within the plat to construct piers, subject to the superior rights of the state and of the federal government. It was held in *State ex rel. Askew v. Smith,* 109 Wis. 532, 85 N. W. 512, that a boathouse could not be abated as a nuisance upon the complaint of one not a riparian owner. It could be upon action taken by the attorney general.

The trial court found upon disputed evidence that the use made of the pier by the defendants and guests and lessees did not constitute a private nuisance. The finding is not against the great weight and clear preponderance of the evidence and for that reason the judgment dismissing the complaint must be affirmed, although for reasons different from those advanced by the trial court.

The plaintiffs also contend that the conveyance from the Lake View Company to the town of Wescott of the private avenues and alleys, thereby converting them into public highways, is invalid. Several days after the case was argued in

this court the plaintiffs filed a reply brief in which they change their position as to the validity of the deed to the town. They now claim that the alley between lots 10 and 12 is a street and that as owners of the land on each side thereof they are the owners thereof. As this alley was extended to the water's edge they now contend they are riparian owners of 20 feet of the shore line. These issues were not pleaded or litigated in the court below, nor was the trial court asked to pass thereon. These contentions are entirely immaterial as to the issues before this court. The pier erected by the defendants is not located, nor does it touch, upon the 20-foot strip. The rights of the plaintiffs to erect a pier are not in issue. The validity of the deed from the company to the town can only be determined in an action in which the town and the company are parties. The contentions advanced in the reply brief cannot change the result.

*By the Court.*—Judgment affirmed.