Martin John STOESSER, Max Berger, Howard Kegel, Daniel Brede, Roger Pitcel, Marion Strasser and Gregory Spencer, Plaintiffs-Appellants,

v.

SHORE DRIVE PARTNERSHIP, John Theisen, Chester Bojanowski and James Erickson, Defendants-Respondents.

Supreme Court

*No. 91–0903. Submitted on briefs October 8, 1992.—Decided January 19, 1993.*

(Also reported in 494 N.W.2d 204.)

661

For the plaintiffs-appellants there were briefs (in the court of appeals) by *Patrick J. Hudec, Gabrielle Boehm* and *Hudec Law Offices, S.C.,* East Troy.

For the defendants-respondents there was a brief (in the court of appeals) by *Chris J. Trebatoski* and *Michael, Best & Friedrich,* Milwaukee.

Amicus Curiae was filed by *Richard J. Rakita, Felicia S. Miller* and *Hiller & Frank, S.C.,* Milwaukee for Chicago Title Insurance Company.

JON P. WILCOX, J.   This case comes to the court on certification from the court of appeals pursuant to sec. (Rule) 809.61, Stats. The issue is whether riparian rights can be conveyed to non-riparian landowners by easement. We conclude that an easement can convey riparian rights to non-riparian landowners.

The facts are not in dispute. The plaintiffs-appellants (hereinafter "subdivision owners") are non-riparian landowners in the O-Tan-Kah Subdivision. The defendants-respondents (hereinafter "partnership") are riparian landowners along Lake Beulah having purchased its riparian land on September 15, 1989. The partnership operates a bar and restaurant known as the "Dockside." The subdivision owners claim the right to use the partnership's lakeshore to exercise riparian rights that were reserved in a 1939 warranty deed from

their predecessors in title to the partnership's predecessor in title. The relevant portion of the deed states:

> the parties of the first part reserve for themselves, their heirs and assigns and the owners in O-Ton-Kah Subdivision and any owners along the channel, the use of the channel as a means of ingress and egress, and also reserving to themselves and such owners, the right in common with the parties of the second part for themselves and guests to use the lake shore for bathing, boating or kindred purposes. . . .

Each year after the 1939 deed was executed the partnership and its predecessors in interest installed a pier on the lakeshore frontage. In the spring of 1989, the subdivision owners, for the first time since the execution of the 1939 deed, exercised the riparian rights they claimed by erecting a pier abutting the shore of the partnership's property. On April 7, 1990 the subdivision owners again erected their pier on the partnership's lakeshore. That same day the partnership removed the subdivision owners' pier claiming the subdivision owners had no right to erect a pier on its property.

The subdivision owners commenced this action on May 25, 1990, alleging that they had "lake rights . . . to swim, dock boats, and erect a pier along the shores of Lake Beulah." They no longer claim the right to maintain a pier. The subdivision owners sought declaratory relief setting forth their rights in the lake frontage of Lake Beulah and an injunction to prevent the partnership from placing a pier or other structure which would interfere with the subdivision owners' rights to use the lakeshore. The subdivision owners also requested compensatory and punitive damages.

The partnership moved for summary judgment arguing that riparian rights cannot be conveyed by ease-

ment. The circuit court granted the partnership's motion for summary judgment. The circuit court stated, "the case law has made it clear that a non-riparian owner has no rights, no riparian rights." The circuit court went on to rule that to the extent the deeds purported to convey riparian rights to non-riparian owners they were null and void and without force. The circuit court dismissed all of the causes of action brought by the subdivision owners.

The subdivision owners appealed. The court of appeals certified the following issue to this court: "Does prior case law of the Wisconsin Supreme Court and the Wisconsin Court of Appeals preclude a non-riparian owner's easement right to use a lakeshore for 'bathing, boating and kindred purposes?' " We accepted certification from the court of appeals.

When reviewing the grant of a summary judgment motion, this court is required to apply the standards set forth in sec. 802.08, Stats., just as the trial court was to apply those standards. *Voss v. City of Middleton,* 162 Wis. 2d 737, 748, 470 N.W.2d 625 (1991). We are not bound by a lower court's finding based upon undisputed evidence when that finding is ultimately a conclusion of law. *N.N. v. Moraine Mut. Ins. Co.,* 153 Wis. 2d 84, 91, 450 N.W.2d 445 (1990). The facts in the instant case are undisputed. The certified issue presents a question of law which this court decides de novo.

A riparian owner is one who holds title to land abutting a body of water.[1] 78 Am. Jur. 2d *Waters* sec. 260

---

[1] Strictly speaking, a riparian owner is one whose land abuts upon a river and a littoral owner is one whose land abuts upon a lake. 78 Am. Jur. 2d *Waters* sec. 260 (1975). However, most Wisconsin cases make no distinction in applying the terms "litto-

(1975). Riparian owners have certain rights, known as riparian rights, based upon title to the ownership of the bank or upland.[2] *Colson v. Salzman,* 272 Wis. 397, 400, 75 N.W.2d 421 (1956); *Doemel v. Jantz,* 180 Wis. 225, 230, 193 N.W. 393 (1923). Riparian rights are not common to the citizens at large, but exist as natural and inherent incidents of the ownership of riparian land. *Doemel,* 180 Wis. at 231; 78 Am. Jur. 2d *Waters* sec. 262 (1975). The riparian rights relevant to this case are the right of access to a lake and the privilege that goes along with that right to use the lake and lakeshore for bathing, boating and kindred purposes. None of the subdivision owners who are plaintiffs in this case own riparian land. The subdivision owners claim riparian rights through the easement reserved in the 1939 deed.[3]

---

ral" and "riparian." *Mayer v. Grueber,* 29 Wis. 2d 168, 174, 138 N.W.2d 197 (1965). In Wisconsin the term "riparian" is acceptable as to land abutting upon either rivers or lakes.

[2] Riparian rights are well defined in Wisconsin law. They include: the right to reasonable use of the waters for domestic, agricultural and recreational purposes; the right to use the shoreline and have access to the waters; the right to any lands formed by accretion or reliction; the right to have water flow to the land without artificial obstruction; the limited right to intrude upon the lake bed to construct devices for protection from erosion; and the right now conditioned by statute, to construct a pier or similar structures in aid of navigation. *Cassidy v. Dept. of Natural Resources,* 132 Wis. 2d 153, 159, 390 N.W.2d 81 (Ct. App. 1986).

[3] An easement can be created by a reservation or any language in a contract, deed or will expressing an intent to create an easement. 1 The American Law of Real Property sec. 6.02[5][a] (Arthur R. Gaudio ed. 1992); 3 Richard R. Powell, The Law of Real Property sec. 407 (1992); William E. Burby, Real Property sec. 27 (3rd ed. 1965). An easement can also be created by implication, prescription or adverse use. 1 The American Law of Real Property sec. 6.02[5].

It is clear that the mere fact that one owns property abutting a natural body of water presumptively confers certain rights. *Mayer v. Grueber,* 29 Wis. 2d 168, 174, 138 N.W.2d 197 (1965). However, one who acquires land abutting a body of water may acquire no more than is conveyed by his deed. *Id.*

In the instant case, the partnership claims exclusive rights to use its lakeshore. However, the partnership's predecessor in interest, granted an easement to the subdivision owners allowing them to use the lakeshore for bathing, boating or kindred purposes. This easement was a part of the partnership's predecessors deed which was recorded in the Walworth County Register of Deeds office on March 23, 1939. The easement was recorded and gave notice to subsequent purchasers of the subdivision owners rights. The easement bound future owners.

An easement has been defined in Wisconsin as a liberty, privilege, or advantage in lands, without profit, and existing distinct from the ownership of the land. *Colson,* 272 Wis. at 401. In the case of an easement title does not pass but only the right to a limited use of the land of another. *Id.* The subdivision owners did not become riparian owners based upon the easement; but they did obtain the right to use the partnership's lakeshore to access Lake Beulah for bathing, boating and kindred purposes.

All members of the public have the right to use Lake Beulah for swimming, bathing and boating purposes subject to regulation by the legislature and state agencies. The state holds the lake bed and water in trust for the public. However, members of the public do not have the right to access Lake Beulah by way of the partnership's private property. The easement allows the subdivision

owners access to Lake Beulah via the partnership's property to exercise their public rights.

Because the easement was created by deed we must look to that instrument in construing the relative rights of the parties. *Hunter v. McDonald,* 78 Wis. 2d 338, 342–43, 254 N.W.2d 282 (1977). The use of the easement must be in accordance with and confined to the terms and purposes of the grant. *Id.* 78 Wis. 2d at 343.

In this case the deed reserved for the subdivision owners the right "to use the lake shore for bathing, boating or kindred purposes. . . ." Since one cannot bathe or boat on the shore this language was obviously intended to allow the subdivision owners access to Lake Beulah from the partnership's lakeshore. The subdivision owners seek to use their easement for the purposes expressly stated in the deed and must be allowed that right.

The partnership argues that riparian rights in a natural lake are exclusively vested in the riparian land owner and cannot be transferred by easement. The partnership asserts that the easement granting riparian rights to the subdivision owners is null and void as contrary to Wisconsin law. We disagree.

Wisconsin follows the general rule that riparian rights can be conveyed to non-riparian owners by easement. *Mayer,* 29 Wis. 2d at 175 quoting Burby, Real Property sec. 18; *Williams v. Skyline Development Corp.,* 288 A.2d 333 (Md. 1972); *Thurston v. City of Portsmouth,* 140 S.E.2d 678, 680 (Va. 1965); *Mianus Realty Co. v. Greenway,* 193 A.2d 713, 715 (Conn. 1963); *Fitzstephens v. Watson,* 344 P.2d 221, 229 (Or. 1959); 78 Am. Jur. 2d *Waters* sec. 278 (1975); 1 Waters And Water Rights, secs. 7.04(a)(1), 7.04(a)(2), 7.04(a)(3) (Robert E. Beck ed. 1991).

The partnership relies on *Colson, Cassidy,* and *de Nava v. Dept. of Natural Resources,* 140 Wis. 2d 213, 409 N.W.2d 151 (Ct. App. 1987), for the proposition that riparian rights cannot be transferred by easement. However, these cases do not support the partnership's argument. The cases relied on by the partnership dealt with the issue of whether an easement holder was a riparian owner. In the instant case, the subdivision owners do not argue that they are riparian owners, but that the easement conveyed the riparian right of lake access to them.

In *Colson,* the court held that an easement does not confer the status of riparian owner upon the easement holder. *Colson,* 272 Wis at 401. The court noted that the riparian owner could permit non-riparian owners to construct piers off its lakeshore subject to the superior rights of the state and federal government. *Id. Colson* provides support for the rule set forth in this case that riparian rights can be conveyed to non-riparian owners by easement.

*Cassidy* and *de Nava* both dealt with the claim that an easement holder was a riparian owner for statutory purposes. In both cases the court of appeals correctly held that an easement does not confer upon its holder the status of riparian owner. *Cassidy,* 132 Wis. 2d at 161; *de Nava,* 140 Wis. 2d at 221.

The statement in *de Nava* "that the grantee of an easement acquires no riparian rights in natural waters, even if the easement purports to grant such rights," misstates the holding in *Colson* and the rule of law in Wisconsin. *Colson* held that riparian ownership cannot be conferred by easement. *Colson* permitted the continued use of a riparian right pursuant to an easement.

The rule of law in Wisconsin is that a riparian owner may grant or reserve an easement for access to a

lake. The easement does not confer any ownership rights on the easement holder. However, the easement does convey an interest in the land to use the land in accordance with the terms of the easement. Riparian rights can be conveyed by easement to non-riparian owners.

Public policy supports the rule that riparian rights can be conveyed by easement. A deed, like any instrument, should not be rewritten by the court. If the court could rewrite or invalidate private contractual agreements, it would destroy the certainty upon which contracting parties are entitled to rely.

There are many non-riparian landowners in Wisconsin with lake access easements similar to the one in the present case. A rule of law validating lake access easements protects the clear expectations of non-riparian landowners who have relied on these easements for many years. The rule that riparian rights can be conveyed by easement carries out the obvious intent of the parties who entered into lake access easements.

■■■

We conclude that riparian rights can be conveyed by easement to non-riparian owners. In the instant case, the intent of the parties was that the subdivision owners have access to Lake Beulah by way of the partnership's property. The easement is valid and reserved for the subdivision owners the right of access to Lake Beulah.

For the reasons set forth we reverse the judgment of the circuit court and remand the cause for further proceedings not inconsistent with this opinion.

*By the Court.*—The judgment of the circuit court is reversed and the cause remanded.