ANCHOR POINT CONDOMINIUM OWNER'S ASSOCIATION,
Plaintiff-Appellant,

v.

FISH TALE PROPERTIES, LLC, Jiran & Sadek, LLC,
Sadek & Zersen, LLC and Wayne K. Sadek, Jr.,
Defendants-Respondents.

Court of Appeals

*No. 2007AP2378. Submitted on briefs April 4, 2008.
—Decided July 3, 2008.*

2008 WI App 133

(Also reported in 758 N.W.2d 144.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Raymond M. Roder, Brian K. Nowicki* and *Shana M. Feuling Weber* of *Reinhart Boerner Van Duren, S.C.*, Madison.

On behalf of the defendant-respondent, Fish Tale Properties, LLC, the cause was submitted on the brief of *Kenneth B. Axe* and *Carrie M. Benedon of Lathrop & Clark LLP.*, Madison.

Before Dykman, Vergeront and Bridge, JJ.

¶ 1. DYKMAN, J. Anchor Point Condominium Owner's Association (APCA) appeals from an order granting summary judgment to Fish Tale Properties in APCA's action for a declaratory judgment and injunction to prevent Fish Tale from using APCA's piers and boat slips. APCA argues that the trial court erred in finding that the documents granting Fish Tale the right to use APCA's piers and boat slips did not transfer APCA's riparian rights to Fish Tale contrary to Wis.

---

*See Callaghan's Wisconsin Digest, same topic and section number.

595

STAT. § 30.133(1) (2005–06).[1] APCA also argues that the trial court erred in finding that even if the documents violate § 30.133(1), APCA is estopped from arguing that Fish Tale may not use its piers and boat slips. We conclude that the documents establishing Fish Tale's right to use APCA's piers and boat slips are transfers of riparian rights in violation of § 30.133(1), and that equitable estoppel may not be invoked to prevent APCA from seeking an injunction. Accordingly, we reverse.

## Background

¶ 2. The following facts are undisputed and are taken from the parties' submissions on summary judg-

---

[1] WISCONSIN STAT. § 30.133(1) provides:

> Beginning on April 9, 1994, no owner of riparian land that abuts a navigable water may convey, by easement or by a similar conveyance, any riparian right in the land to another person, except for the right to cross the land in order to have access to the navigable water. This right to cross the land may not include the right to place any structure or material in the navigable water.

All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

The supreme court has said:

> Strictly speaking, a riparian owner is one whose land abuts upon a river and a littoral owner is one whose land abuts upon a lake. However, most Wisconsin cases make no distinction in applying the terms "littoral" and "riparian." In Wisconsin the term "riparian" is acceptable as to land abutting upon either rivers or lakes.

*Stoesser v. Shore Drive P'ship*, 172 Wis. 2d 660, 665 n.1, 494 N.W.2d 204 (1993) (citations omitted), *superseded by statute on other grounds*, WIS. STAT. § 30.133, *as recognized in ABKA Ltd. P'ship v. DNR*, 2002 WI 106, ¶ 60, 255 Wis. 2d 486, 648 N.W.2d 854.

ment.[2] In 2002, Jiran & Sadek, LLC, owned two adjacent lots in Columbia County, one of which abutted Lake Wisconsin. A restaurant was located on Lot One, the non-lake property. Lot Two, the lake property, was the future location of Anchor Point Condominiums.

¶ 3. On June 21, 2002, Jiran & Sadek executed a document entitled "Declaration of Driveway, Walkway and Parking Easement and Agreement" (the Declaration). The Declaration creates an easement for shared driveways and parking lots between the properties. It also grants to the restaurant property an eight-foot easement for ingress and egress on the condominium property. Finally, it grants to the restaurant property the right to use some of the condominium's piers, boat slips and docks. The Declaration provides that the rights created therein are perpetual and run with the land. In January 2003, the successor owner of the restaurant property, Sadek & Sadek, LLC, assigned similar rights to Fish Tale in connection with Fish Tale's purchase of the restaurant property.

¶ 4. APCA brought this action in January 2007 for a declaratory judgment and injunction to prevent Fish Tale from using APCA's piers and boat slips. Both parties moved for summary judgment. The trial court granted summary judgment to Fish Tale, and APCA appeals.

### Standard of Review

¶ 5. "We review summary judgment decisions using the same methodology as the trial court." *Apple*

---

[2] Both parties moved for summary judgment and neither argues that a material fact is in dispute; therefore, the facts are effectively stipulated. *See Apple Valley Gardens Ass'n, Inc. v. MacHutta*, 2007 WI App 270, ¶ 10, 306 Wis. 2d 780, 743 N.W.2d

*Valley Gardens Ass'n, Inc. v. MacHutta*, 2007 WI App 270, ¶ 10, 306 Wis. 2d 780, 743 N.W.2d 483, *review granted*, 2008 WI 40, 308 Wis. 2d 609, 749 N.W.2d 661 (No. 2007AP191). Summary judgment is warranted where there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. *Id.* Because the facts in this case are undisputed, we address only issues of law in determining whether summary judgment is appropriate. *See id.*

¶ 6. This case requires that we interpret WIS. STAT. § 30.133. Statutory interpretation is a question of law that we review de novo. *World Wide Prosthetic Supply, Inc. v. Mikulsky*, 2002 WI 26, ¶ 8, 251 Wis. 2d 45, 640 N.W.2d 764. Further, "[w]hen the facts and reasonable inferences therefrom are not disputed, it is a question of law whether equitable estoppel has been established. [We] determine[] questions of law independent of the circuit court, benefiting from its analysis." *Milas v. Labor Ass'n of Wisconsin, Inc.*, 214 Wis. 2d 1, 8, 571 N.W.2d 656 (1997).

*Discussion*

¶ 7. APCA argues that the Declaration and assignment are invalid because they purport to transfer riparian rights to non-riparian owners and thus violate WIS. STAT. § 30.133(1), which prohibits a riparian owner from transferring any riparian right to another "except for the right to cross the land in order to have access to the navigable water." Fish Tale responds that the right to use APCA's piers and boat slips is not a riparian right, and thus not subject to the restriction prohibiting

483, *review granted*, 2008 WI 40, 308 Wis. 2d 609, 749 N.W.2d 661 (No. 2007AP191).

the transfer of riparian rights under § 30.133(1). Fish Tale then argues that even if use of a pier is a riparian right, it is encompassed within the exception to § 30.133(1), allowing the transfer of the riparian right to cross the land in order to have access to the navigable water. We agree with APCA.[3]

¶ 8. The first dispute between the parties is whether the right to pier use conveyed in the Declaration constitutes a riparian right, and is thus subject to the restriction prohibiting the transfer of riparian rights under Wis. Stat. § 30.133(1). The third paragraph of the Declaration, entitled "Lakeside Piers, Boat Slips and Docks," states:

> As shown on the Plat of Condominium of Anchor Point Condominium, there are presently located or plan to be located lakeside piers, boat slips, and docks located on and adjacent to the lakeshore. These piers, slips, and docks, are planned to be constructed and maintained by **Condominium. Restaurant Owner**, its customers, guests, and invitees, shall be permitted to use the outside (lake side) areas of said piers and docks, and **Condominium** shall take all reasonable steps to reserve said piers, slips and docks for use by **Restaurant Owner**, its guests, invitees, and customers. In addition to the outside (lake side) areas of said piers and docks, there shall also be reserved for **Restaurant Owner** additional pier and dock space for six

---

[3] The focus of the parties' arguments, and of this opinion, is the use of APCA's piers and boat slips, and not the other easements granted to Fish Tale. While APCA suggests that the Declaration's lack of a severability clause means that the entire Declaration could be declared void, citing *United Artists Corp. v. Odeon Building, Inc.*, 212 Wis. 150, 248 N.W. 784 (1933), it has not explained why we should do so here. We decline to address this undeveloped argument. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

(6) boats on the inside (shore side) of said piers, slips and docks. The inside (shore side) area of said piers, slips, and docks, shall be reserved for use by **Condominium**, its unit owners, guests and invitees, except the six (6) boat spaces reserved to **Restaurant Owner** herein set forth. There shall be reserved for **Restaurant Owner**, its guests and invitees, pier and dock space for not less than six (6) boats at any one time. It is recognized in this agreement that Lot One presently has operated thereon a restaurant generally open to members of the public. When determining space necessary for boats pursuant to this paragraph, thirty (30) running feet of pier or dock length shall be deemed sufficient per boat.

¶ 9. Thus, the Declaration purports to convey use of pier and boat slip space by the riparian owners of the condominium property to the non-riparian owners of the restaurant property.[4] The question, then, is whether use of pier and boat slip space is a riparian right.[5] We conclude that it is.

[4] Neither party contends that APCA's facility is a marina. Marinas are subject to Department of Natural Resources regulation, which would not permit APCA's private facility. *See* WIS. ADMIN. CODE § NR 326.04(8) (May 2008).

[5] The Declaration grants the owner of the restaurant property use of the "piers, slips, and docks," and specifies that "boat spaces" are to be reserved for restaurant guests. APCA asserts that use of piers and boat slips are riparian rights; Fish Tale asserts that both uses are non-riparian. Neither party draws a meaningful distinction between the two uses. We have said that "a boat 'slip' is, by definition, a docking place for a ship between two piers. In other words, a boat slip is the water and the lake bed under the water," and thus conveyance of a boat slip violates the public trust doctrine. *ABKA Ltd. P'ship v. DNR,* 2001 WI App 223, ¶ 44, 247 Wis. 2d 793, 635 N.W.2d 168 (citation omitted), *aff'd on other grounds,* 2002 WI 106, 255 Wis. 2d 486, 648 N.W.2d 854. Thus, while we recognize that a pier is an object and a boat slip space is the water adjacent to the pier, use

¶ 10. "Riparian owners are those who have title to the ownership of land on the bank of a body of water." *ABKA Ltd. P'ship v. DNR*, 2002 WI 106, ¶ 57, 255 Wis. 2d 486, 648 N.W.2d 854. Riparian owners enjoy specific property rights based on owning land abutting water, "includ[ing] the right to use the shoreline and have access to the waters, the right to reasonable use of the waters for domestic, agricultural and recreational purposes, and the right to construct a pier or similar structure in aid of navigation." *Id.* A riparian owner's rights also include exclusive possession as necessary to access and use the water. *Id.*

¶ 11. Fish Tale argues that Wisconsin courts have never recognized use of a pier as a riparian right, and thus pier use, like boat use, is merely a valid public use of private property in the water.[6] Fish Tale cites *R.W. Docks & Slips v. State*, 2001 WI 73, ¶ 19, 244 Wis. 2d 497, 628 N.W.2d 781, for the proposition that use of the water for "boating, swimming, fishing, hunting, [and] recreation" is open to the public pursuant to the public trust doctrine. While we agree that the Wisconsin navigable waters belong to the state, we do not agree

of the boat slips and use of the pier are intimately connected: Fish Tale wants the right to reserve boat slip spaces on APCA's pier, so that its customers can moor their boats to the pier, and then walk across the pier to reach the land and the adjoining restaurant. We thus refer to use of "pier and boat slip space" as the riparian right at issue in this case.

[6] The basic flaw in this argument is that neither Fish Tale nor APCA owns the lake bottom under a boat slip, or the water above the lake bottom. The state owns this, in trust for the people of the state. *Gillen v. City of Neenah*, 219 Wis. 2d 806, 820, 580 N.W.2d 628 (1998). Only riparian owners, and no others, have rights inconsistent with the state's ownership, but subject to reasonable regulation. *See ABKA*, 255 Wis. 2d 486, ¶¶ 56–61.

that this translates into a non-riparian owner's right to use a riparian owner's pier.[7]

¶ 12. Contrary to Fish Tale's argument, a pier is not analogous to a boat. A boat is mobile and retains its identity as a boat in and out of the water; piers, by definition, are placed on and over a lake or river bed:

> "Pier" means any structure extending into navigable waters from the shore with water on both sides, built or maintained for the purpose of providing a berth for watercraft or for loading or unloading cargo or passengers onto or from watercraft. Such a structure may include a boat shelter which is removed seasonally. Such a structure may include a boat hoist or boat lift, and the hoist or lift may be permanent or may be removed seasonally.

WIS. STAT. § 30.01(5). Because a pier is only a pier when it is placed in the water, riparian rights are necessarily implicated through placement and use of a pier.

¶ 13. Fish Tale argues that only pier placement, and not pier use, has been recognized as a riparian right. *See Attorney General ex rel. Askew v. Smith,* 109 Wis. 532, 540, 85 N.W. 512 (1901). Thus, Fish Tale urges us to draw a distinction between the two. While we recognize that placing a pier and using a pier are distinct

---

[7] Obviously, Fish Tale recognizes that the piers belong to APCA and that it does not have the right to use the piers (and their boat slips) absent consent from APCA. Otherwise, it would simply do so without resort to the Declaration. The issue, instead, is whether APCA can convey its rights to Fish Tale, including the right to use its boat slips and its piers. Thus, the use of the piers and boat slips is not, as Fish Tale asserts, equivalent to swimming or boating in the water, which Fish Tale is indisputably entitled to do. *See R.W. Docks & Slips v. State,* 2001 WI 73, ¶ 19, 244 Wis. 2d 497, 628 N.W.2d 781.

acts, it does not follow that only pier placement is a riparian right. We have said that "[r]egulation of private riparian uses is essential if the state is to fulfill its role of protecting state waters." *ABKA Ltd. P'ship v. DNR,* 2001 WI App 223, ¶ 40, 247 Wis. 2d 793, 635 N.W.2d 168, *aff'd on other grounds,* 2002 WI 106, 255 Wis. 2d 486, 648 N.W.2d 854. We fail to see how placement of a pier could be deemed a riparian right and thus subject to statutory regulation, *see* WIS. STAT. ch. 30, and yet the uses to which the owner puts the pier could be akin to any other use of private property and thus exempt from riparian regulation. Instead, it follows that both pier use and pier placement are riparian rights, arising from a riparian owner's owning land abutting navigable water and subject to the state's superior interest in protecting the waters. *See ABKA,* 255 Wis. 2d 486, ¶ 57. Moreover, the legislature has defined a pier's purpose as "providing a berth for watercraft or for loading or unloading cargo or passengers onto or from watercraft," and has specified that a pier "may include a boat hoist or boat lift." WIS. STAT. § 30.01(5). From the plain language of this statute, then, and the fact that only riparian owners may place piers, *see* WIS. STAT. §§ 30.12(1g)[8] and 30.133(1), we see that the legislature recognized that placement of a pier necessarily means that a riparian owner has a right to use the pier.

¶ 14. Further support for our decision is found in *ABKA.* There, the supreme court concluded that a sale of a boat slip in conjunction with a "phantom unit" consisting of a lock-box on condominium property was

_____

[8] WISCONSIN STAT. § 30.12(1g) provides, in part, that "[a] riparian owner is exempt from the permit requirements [in § 30.12] for the placement of a structure" in navigable water, when certain criteria are met.

an attempt to transfer riparian rights in violation of Wis. Stat. § 30.133(1). *ABKA*, 255 Wis. 2d 486, ¶¶ 1 & n.1, 2, 63–68. Thus, the court recognized that use of the boat slips was a riparian right, and could not be conveyed absent conveyance of riparian land. *See id.*, ¶ 63. A riparian owner's right to use boat slip space (and, by close association, the right to use the pier creating the boat slip space) is the right to exclusive use to the extent necessary to access the waters, subject to state regulation. *See id.*, ¶ 57. Thus, the riparian owner has the right to eject others from the riparian owner's boat slips, a right that arises from ownership of the land abutting the water.[9] The riparian owner cannot, however, convey that right to a non-riparian owner under § 30.133(1).

¶ 15. Fish Tale argues, however, that even if use of pier and boat slip space is a riparian right, a riparian owner may transfer that right to another under the exception contained in Wis. Stat. § 30.133(1). That exception states that a riparian owner may grant only "the right to cross the land in order to have access to the navigable water." Fish Tale asserts that use of pier and boat slip space is encompassed within crossing the land to have access to the water. We disagree. The plain language of the statute states that a riparian owner's transferable rights are limited to the right to cross the land in order to have access to the water, and we are bound by that plain language. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We cannot reasonably read that exception to include the right to use a riparian owner's piers and boat slips. Using piers and boat slips

---

[9] This right is limited. A riparian owner's right to place boat slips is regulated by Wis. Stat. §§ 30.12(1g)(f) and 30.13, absent permits. *See* Wis. Stat. §§ 30.12(2m), (2r) and (3).

is clearly distinct from simply crossing land and accessing the water. Had the legislature meant to include pier use, it would have said so.

¶ 16. Fish Tale asserts that the last sentence of the statute supports its position. That sentence clarifies that "[t]his right to cross the land may not include the right to place any structure or material in the navigable water."[10] WIS. STAT. § 30.133(1). Fish Tale asserts that to give that language meaning, we must construe the statute as allowing transfers of riparian rights that are lesser than placing a pier in the water. We disagree. The statute plainly states that "no owner of riparian land that abuts a navigable water may convey, by easement or by a similar conveyance, any riparian right in the land to another person, except for the right to cross the land in order to have access to the navigable water." The fact that the last sentence specifies that the exception does not include the right to place a structure in the water does not expand the exception.

¶ 17. Fish Tale argues that our interpretation of WIS. STAT. § 30.133(1) means the non-riparian owner with an easement to the water may only cross the land and walk to the water's edge, but must stop short of placing his or her toes in the water. We disagree. The right to access the water exists over land. Where land reaches navigable water, the land ends at the ordinary high water mark. *See Diana Shooting Club v. Husting*, 156 Wis. 261, 272, 145 N.W. 816 (1914). Once beyond

---

[10] A recent amendment to WIS. STAT. § 30.133(1) specifies that this includes boat docking facilities as defined in newly created WIS. STAT. § 30.1335. *See* 2007 S.B. 40, § 717(g) (Oct. 26, 2007). Both parties assert that this amendment supports its interpretation of legislative intent. We do not agree that the recent amendment lends support to either party.

the ordinary high water mark in navigable water, the public can enjoy Wisconsin's waters. *See* WIS. CONST. art. IX, § 1. But this does not include the use of a riparian owner's piers or boat slips. Placing piers and boat slips is a right granted only to riparian owners. *See* WIS. STAT. ch. 30. The right of riparian owners to install piers necessarily prevents the public's right to use every square inch of Wisconsin's waters; it is often impossible to fish, swim, or sail under a pier or boat slip. Fish Tale's valid easement over APCA's land to access the water allows it to cross the ordinary high water mark to enjoy the publicly owned water, a right distinct from using APCA's piers and boat slips.

¶ 18. Fish Tale asserts that because WIS. STAT. § 30.133(1) overruled *Stoesser v. Shore Drive Partnership*, 172 Wis. 2d 660, 494 N.W.2d 204 (1993), § 30.133(1) is a statute in derogation of the common law, *see Continental Cas. Co. v. Milwaukee Metro. Sewerage Dist.*, 175 Wis. 2d 527, 532, 499 N.W.2d 282 (Ct. App. 1993), and thus we should take the narrowest possible view of the restriction prohibiting the transfer of riparian rights under § 30.133(1). *Stoesser* held that "Wisconsin follows the general rule that riparian rights can be conveyed to non-riparian owners by easement." *Stoesser*, 172 Wis. 2d at 668 (citing cases from other jurisdictions). In *ABKA*, the supreme court explained that § 30.133 was the legislature's response to *Stoesser*, and created a rule unique to Wisconsin. *ABKA*, 255 Wis. 2d 486, ¶¶ 60–61. The court quoted *Water and Water Rights* at § 7.04(a)(3), pp. 7–97-7–98, for its explanation that while many states allow the transfer of riparian rights, "Wisconsin, on the other hand, has now expressly prohibited the conveyance of riparian rights, effective April 9, 1994." *ABKA*, 255 Wis. 2d 486, ¶ 61. Even a narrow construction of § 30.133(1) cannot avoid the necessary and ex-

press conclusion that riparian rights cannot be conveyed to non-riparian property owners.

¶ 19. Fish Tale then argues that, regardless of which rights may not be transferred under WIS. STAT. § 30.133(1), only transfers "by easement or by a similar conveyance" are prohibited. Fish Tale argues that the conveyances here are valid because they meet the legal definitions for lesser transfers of property rights. Fish Tale's argument is off the mark. As recognized in *ABKA*, the point of prohibiting transfers "by easement or by a similar conveyance" is that "riparian rights have been characterized to be, in some senses, like an easement: Under common law in most states, riparian rights are an interest in real estate, somewhat like an easement, that is, the right to use land." *ABKA*, 255 Wis. 2d 486, ¶ 59 (citation omitted). Thus, the *ABKA* court concluded that a sale of a "phantom unit" on condominium property with an accompanying boat slip was a transfer of a riparian right not by easement but by a "similar conveyance," because it transferred a riparian right apart from the riparian land. *Id.*, ¶¶ 63–64. The court explained that the transfer was the type prohibited by the statute because "[u]nder § 30.133, riparian rights must be conveyed as attached to something; here, they are attached to nothing." *Id.*, ¶ 64. Thus, it is the fact that the riparian right is transferred apart from riparian land, not the technical type of transfer, that is dispositive.[11]

---

[11] APCA points to an administrative code that explains that " '[s]imilar conveyance' for purposes of s. 30.133(1), Stats., means any transfer in excess of 2 years." WIS. ADMIN. CODE § NR 326.03(11) (May 2008). Fish Tale suggests that we disregard the administrative code because APCA did not argue it before the trial court. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140

¶ 20. Finally, APCA argues that equitable estoppel does not prevent it from asserting that the Declaration is invalid. We agree. Because we have concluded that the Declaration purports to transfer riparian rights to another in violation of WIS. STAT. § 30.133(1), equitable estoppel is not available to avoid the effects of the statute.[12] *See Greenlee v. Rainbow Auction/Realty Co., Inc.*, 202 Wis. 2d 653, 670, 553 N.W.2d 257 (Ct. App. 1996) ("[W]here a contract is void because of failure to comply with clear, legislative requirements, the legal consequences of the statute cannot be avoided by estoppel."). Accordingly, we reverse and remand for the trial court to deny Fish Tale's motion for summary judgment, to grant, in part, APCA's motion for summary judgment, to declare the transfer of pier and boat slip use to Fish Tale void, and to enjoin Fish Tale from using APCA's piers and boat slips.

*By the Court.*—Order reversed and cause remanded with directions.

(1980), *superseded by statute on other grounds,* WIS. STAT. § 895.52, *as recognized in Wilson v. Waukesha County,* 157 Wis. 2d 790, 797, 460 N.W.2d 830 (Ct. App. 1990). However, there is a more fundamental problem with APCA's use of the Administrative Code: it was not in effect until September 2002. *See* WIS. ADMIN. CODE § NR 326.03(11) and WIS. ADMIN. CODE REGISTER August 2002, No. 560. The Declaration was signed in June 2002. Thus, that administrative code provision is inapplicable here.

[12] Fish Tale argues that estoppel is appropriate to avoid the effects of a statute, citing *Bratt v. Peterson,* 31 Wis. 2d 447, 454, 143 N.W.2d 538 (1966). However, *Bratt* involved a violation of the statute of frauds, which is not analogous to the instant statutory violation. *See id.* We decline to address Fish Tale's argument further.