Daniel M. Berkos and Patrick J. Connors d/b/a
C & B Investments, Plaintiffs-Appellants,†

v.

Shipwreck Bay Condominium Association, James J.
Olson, Kathleen Olson, Gary R. Burmesch, Kathy
M. Burmesch, Donn D. Zawis, Patricia S. Zawis
and Jennifer Thomas, Defendants-Respondents.

Court of Appeals

*No. 2006AP2747. Submitted on briefs April 16, 2007.
—Decided July 17, 2008.*

2008 WI App 122

(Also reported in 758 N.W.2d 215.)

† Petition to review filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Daniel M. Berkos*, Mauston.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Jonathan V. Goodman* and *Aaron J. Bernstein* of *Law Offices of Jonathan V. Goodman* and *Jonathan B. Levine* of *Law Firm of Jonathan B. Levine*, Milwaukee.

Before Higginbotham, P.J., Lundsten and Bridge, JJ.

¶ 1. HIGGINBOTHAM, P.J. Daniel M. Berkos d/b/a C & B Investments appeals a circuit court order granting summary judgment in favor of Shipwreck Bay Condominium Association and the individual condo-

minium owners ("Association") in C & B's action seeking a declaration of its right to install piers abutting shoreline property owned by the Association based on provisions in the Declaration of Condominium for each unit. C & B contends that the circuit court misread WIS. STAT. § 30.133 (2005–06),[1] which restricts the severabil-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted. The version of WIS. STAT. § 30.133 in effect at the time relevant to this case is identical to the version published in the 2005–2006 statutes, which provided:

(1) Beginning on April 9, 1994, no owner of riparian land that abuts a navigable water may convey, by easement or by a similar conveyance, any riparian right in the land to another person, except for the right to cross the land in order to have access to the navigable water. This right to cross the land may not include the right to place any structure or material in the navigable water.

(2) This section does not apply to riparian land located within the boundary of any hydroelectric project licensed or exempted by the federal government, if the conveyance is authorized under any license, rule or order issued by the federal agency having jurisdiction over the project.

Section 30.133 was amended by 2007 Act 20, § 717g, effective October 27, 2007. As amended, the statute now provides:

(1)(a) Beginning on April 9, 1994, and except as provided in s. 30.1355, no owner of riparian land that abuts a navigable water may grant by an easement or by a similar conveyance, any riparian right in the land to another person, except for the right to cross the land in order to have access to the navigable water. This right to cross the land may not include the right to place any structure or material, including a boat docking facility, as defined in s. 30.1335(1)(a), in the navigable water.

(2) This section does not apply to riparian land located within the boundary of any hydroelectric project licensed or exempted by the federal government, if the conveyance is authorized under any license, rule or order issued by the federal agency having jurisdiction over the project.

ity of riparian rights from riparian land, to preclude enforcement of the relevant provisions of the Declaration of Condominium. C & B contends that § 30.133 prohibits only the sale of riparian rights by a riparian owner to another person, not the reservation of such rights by easement or similar conveyance upon the transfer of riparian land. We disagree and conclude that § 30.133 prohibits the reservation of riparian rights by easement or similar conveyance upon the transfer of title of riparian land, and, therefore, the easement in the Declaration of Condominium is void as contrary to § 30.133. Accordingly, we affirm.

## *Background*

¶ 2. The relevant facts, taken from the parties' summary judgment submissions, are undisputed. C & B Investments purchased property on Castle Rock Lake in Germantown in August 1995. C & B executed a Declaration of Condominium,[2] created the Shipwreck

2007 Act 20, § 717g. We note that the only change to the statutory language that is operative in this case is the replacement of "convey" with "grant" in the first sentence of WIS. STAT. § 30.133(1). We observe that these terms carry similar meanings. As used here, "convey" means "to transfer ownership of or title to," and "grant" means "[t]ransfer of property by deed." WEBSTER'S II NEW COLLEGE DICTIONARY, 247, 485 (1999). In our view, this change sheds little light on the issues presented in this case. In any event, neither party has submitted citations to supplemental authority as provided under WIS. STAT. RULE 809.19(10) that might have argued how the recent statutory change was pertinent here.

[2] A condominium declaration is the instrument by which property becomes subject to Chapter 703 of the Wisconsin Statutes, known as the Condominium Ownership Act. *See* WIS. STAT. §§ 703.02(8), 703.01.

Bay Condominium Association,[3] and built condominiums on the lakefront edge of the property. It completed the project, selling the fifth and final unit in 2000, at which point C & B relinquished ownership of all common areas of the property to the Association.[4] This common area includes the land defined by the condominium plat, including the lake's shoreline.

¶ 3.   The Declaration of Condominium addresses the placement of piers in the waters adjacent to the shoreline. Section 10.2(b) of the Declaration provides that piers "shall be [placed] at a location and in a configuration as recommended by the Design Committee and the Board of Directors of the Association." Section 10.2(b) further provides that placement "shall be in accordance with the provisions of . . . the Easement Agreement and . . . with the approval of [C & B]. Said placement shall not interfere with [C & B's] ability to develop or operate facilities within or outside of . . . the Condominium Plat." Section 25.A.(ii). reserves for C & B "the right to regulate the placement and use of piers, docks, and other watercraft parking along the shoreline and may limit such use and placement so as to preserve the use of said shoreline for future development."

---

[3] WISCONSIN STAT. § 703.15 provides that condominium affairs should be governed by an association, which is considered a legal entity. The owner subjecting his or her property to a condominium declaration is responsible for establishing the association prior to the date of the first conveyance of a unit.

[4] "Every unit owner owns an undivided percentage interest in the common elements equal to that set forth in the declaration." WIS. STAT. § 703.13(1). C & B lost control of the Association after it conveyed seventy-five percent interest in the common elements of the condominium project. *See* WIS. STAT. § 703.15(2)(c).

¶ 4. In December 2004, C & B applied to the Department of Natural Resources (DNR) for a marina permit pursuant to WIS. STAT. § 30.12 to place piers in front of a bar and restaurant owned by C & B located adjacent to the condominium property. The proposed piers were to extend in front of the condominium property. In a written decision, the DNR rejected C & B's application on grounds that C & B was not a riparian owner of the land in front of the condominium property.[5] The DNR concluded that, despite language in the Declaration of Condominium permitting C & B to regulate pier placement in front of the condominiums, C & B was not the riparian owner of the condominium property and therefore did not have the right to place the piers there under applicable Wisconsin law.

¶ 5. However, the DNR further explained that it would accept C & B's application at a later date if C & B obtained either (1) the signature of an authorized representative of the Association and the condominium owners on the application; or (2) a court judgment declaring C & B the riparian owner of the shoreline and land that it had deeded to the Condominium owners. After failing to secure the signature of an authorized representative of the Association, C & B sued the Association and the condominium owners, seeking a judgment declaring it "to be the owner of riparian rights of the waters located in front of the [condominiums]." C & B moved the court for an order enjoining the Association and condominium owners from refusing to permit C & B to place piers in the waters in front of the condominiums under provisions in the Declaration of

---

[5] WISCONSIN STAT. § 30.12(3m) requires that, to obtain a permit for pier placement, the applicant must be a riparian owner.

Condominium regarding C & B's rights to control pier placement. The circuit court treated C & B's motion as a motion for summary judgment and ordered briefing by the parties.

¶ 6. The circuit court denied C & B's motion and granted summary judgment in favor of the Association. The court concluded that, among other things, the Declaration of Condominium provisions relating to pier placement were invalid as contrary to WIS. STAT. § 30.133(1), which prohibits a riparian owner from "convey[ing], by an easement or by a similar conveyance, any riparian right in the land to another person." C & B appeals.

### Standards of Review and Principles of Statutory Interpretation

¶ 7. This appeal requests review of the circuit court's order granting summary judgment to the Association. We review an award of summary judgment de novo, applying the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate if the pleadings and evidentiary submissions of the parties "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WIS. STAT. § 802.08(2).

¶ 8. This case turns on the interpretation of WIS. STAT. § 30.133 and its application to the undisputed facts of this case. The interpretation of statutes is a question of law, which we review de novo. *State ex rel. Steldt v. McCaughtry*, 2000 WI App 176, ¶ 11, 238 Wis. 2d 393, 617 N.W.2d 201. Statutory interpretation "begins with

the language of the statute." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). If the meaning of the statute is plain, we ordinarily stop the inquiry and apply that meaning. *Id.* The context in which a statute appears is relevant to its plain meaning, as is the history of the statute revealed in prior versions of the statute and legislative amendments to the statute. *Id.*, ¶ 48. Also relevant to a statute's plain meaning is prior case law interpreting the statute. *See Olstad v. Microsoft Corp.*, 2005 WI 121, ¶ 21, 284 Wis. 224, 700 N.W.2d 139.

¶ 9.   We generally do not consult extrinsic sources such as legislative history to aid interpretation unless the statute is ambiguous. *Kalal*, 271 Wis. 2d 633, ¶ 45–46. The test for ambiguity is whether the statute is "capable of being understood by reasonably well-informed persons in two or more senses." *Id.*, ¶ 47.

### Discussion

¶ 10.   An individual who holds title to land abutting a body of water is known as a riparian owner. *Stoesser v. Shore Drive P'ship*, 172 Wis. 2d 660, 665, 494 N.W.2d 204 (1993) (abrogated by statute on other grounds as explained in *ABKA Ltd. P'ship v. DNR*, 2002 WI 106, ¶¶ 60–61, 255 Wis. 2d 486, 648 N.W.2d 854). Riparian owners have certain rights, known as riparian rights, based on their ownership of shorefront property. *Id.* at 666. Among these rights is the right to install a pier or similar structure. *See Sea View Estates Beach Club, Inc. v. DNR*, 223 Wis. 2d 138, 157, 588 N.W.2d 667 (1998). The rights of riparian owners are subject to the public's right to use navigable waters provided under

the public trust doctrine.[6] *See ABKA Ltd. P'ship v. DNR*, 2001 WI App 223, ¶ 29, 247 Wis. 2d 793, 635 N.W.2d 168.

¶ 11. WISCONSIN STAT. § 30.133 prohibits the alienation of riparian rights apart from riparian land. It provides that no riparian owner may grant

> by easement or by a similar conveyance, any riparian right in the land to another person, except for the right to cross the land in order to have access to the navigable water. This right to cross the land may not include the right to place any structure or material in the navigable water.

Sec. 30.133(1).

¶ 12. C & B contends that provisions of the Declaration of Condominium constitute an easement[7] that

---

[6] "The public trust doctrine has its roots in article IX, section 1 of the Wisconsin Constitution, under which the state holds the beds of navigable waters in trust for public use. The regulation and enforcement of this public trust rests with the legislature and the DNR." *ABKA Ltd. P'ship v. DNR*, 2001 WI App 223, ¶ 29, 247 Wis. 2d 793, 635 N.W.2d 168.

[7] These provisions are parts of sections 10.2(b) and 25(A)ii of the Declaration of Condominium, *supra* ¶ 3. Hereinafter, we refer to these provisions collectively as an "easement." An easement is "a liberty, privilege, or advantage in lands, without profit, and existing distinct from the ownership of the land." *Stoesser v. Shore Drive Partnership*, 172 Wis. 2d 660, 667, 494 N.W.2d 204 (1993) (abrogated by statute on other grounds as explained in *ABKA Ltd. Partnership v. DNR*, 2002 WI 106, ¶¶ 60–61, 255 Wis. 2d 486, 648 N.W.2d 854). These provisions of the Declaration of Condominium might more precisely be called a "similar conveyance" to an easement for purposes of WIS. STAT. § 30.133. However, we refer to these provisions as an easement for the sake of convenience.

reserves its right to control the placement of piers in waters abutting the condominium property. C & B contends that this easement is not contrary to WIS. STAT. § 30.133 because statutory language prohibiting a riparian owner from "convey[ing] by easement or by a similar conveyance, any riparian right in the land to another person," proscribes only the *conveyance* of riparian rights by a riparian owner, not C & B's attempt to *reserve* such rights upon the transfer of title to the condominium owners. Assuming without deciding that the provisions of the Declaration of Condominium set forth in ¶ 3, *supra,* actually create an easement reserving C & B's right to control placement of piers, we conclude that such an easement would be void as contrary to § 30.133 because the statute plainly prohibits the reservation of riparian rights by an easement or similar instrument upon the transfer of title to riparian land.[8]

[8] C & B also contends that, even if the provisions reserving the right to control pier placement are void as contrary to WIS. STAT. § 30.133, it should prevail under a theory of promissory estoppel. As best we can tell, C & B appears to claim that, by purchasing the condominium and agreeing to the terms of the Declaration of Condominium, the condominium owners (1) made a promise to C & B that the owners would permit it to retain riparian rights upon transfer of title; (2) this promise induced C & B to sell to these owners; and (3) the enforcement of the terms of the Declaration is the only way to avoid this purported injustice. *See Baures v. North Shore Fire Dep't,* 2003 WI App 103, ¶ 29, 264 Wis. 2d 815, 664 N.W.2d 113 (setting forth the elements of promissory estoppel). This argument lacks merit. The condominium purchasers did not "induce" C & B to sell the property to them under the terms set forth in the Declaration of Condominium; C & B, not the unit purchasers, drafted of the Declaration. Regardless, "where a contract is void because of failure to comply with clear, legislative requirements, the legal consequences of the statute cannot be avoided by

¶ 13.    C & B's interpretation of WIS. STAT. § 30.133 is unreasonable because it fails to account for *ABKA Ltd. Partnership v. DNR*, which addressed the genesis and meaning of § 30.133. *See Meyers v. Bayer AG*, 2007 WI 99, ¶ 23, 303 Wis. 2d 295,735 N.W.2d 448 ("Previous cases construing a statute also become a part of our understanding of a statute's plain meaning."). In *ABKA*, the supreme court explained that § 30.133 was adopted in response to a 1993 decision, *Stoesser v. Shore Drive Partnership. ABKA*, 255 Wis. 2d 486, ¶ 60–61. In *Stoesser*, the non-riparian owners of a subdivision sought to exercise riparian rights reserved to them by an easement in a warranty deed by erecting a pier abutting the lakeshore property of the riparian owners. *Stoesser*, 172 Wis. 2d at 663–64. The riparian owners contended that the easement was invalid because riparian rights are not severable from riparian lands under Wisconsin common law. The *Stoesser* court rejected the riparian owner's argument. The *Stoesser* court declared: "The rule of law in Wisconsin is that a riparian owner may grant or reserve an easement for access to a lake . . . . Riparian rights can be conveyed by easement to non-riparian owners." *Id.* at 669–70. Nine years later, the supreme court recognized in *ABKA* that "the legislature did not agree with the court's conclusion" in *Stoesser. ABKA*, 255 Wis. 2d 486, ¶ 60. The *ABKA* court explained that, within one year of *Stoesser*'s publication, the legislature acted to overturn the *Stoesser* decision by adopting § 30.133. *Id.*

¶ 14.    Obeisance to legislative intent and to the precedential effect of *ABKA* requires that we interpret WIS. STAT. § 30.133 in a manner that abrogates *Stoesser*. The facts of this case mirror those of *Stoesser*. Like the

estoppel." *Greenlee v. Rainbow Auction/Realty Co.*, 202 Wis. 2d 653, 670, 553 N.W.2d 257 (Ct. App. 1996).

nonriparian owners in *Stoesser*, C & B seeks to reserve riparian rights by easement. Thus, to interpret § 30.133 in a manner that would allow C & B to reserve riparian rights by easement would preserve *Stoesser*. Such an interpretation is contrary to *ABKA*'s understanding of the legislature's intent in adopting § 30.133.

¶ 15. Instead, we read WIS. STAT. § 30.133 to prohibit the severing by easement or by a similar conveyance of riparian rights from the riparian lands to which they are attached. Section 30.133 represents a policy decision by the legislature to reject the "majority rule" expressed in *Stoesser* that riparian rights may be granted or reserved to a non-riparian owner by an easement. By enacting § 30.133, the legislature decided instead that riparian rights would not be severable from riparian lands. To permit the reservation by easement of riparian rights upon transfer of title to riparian lands would be contrary to the legislature's policy choice indicated by its rejection of *Stoesser*.[9]

¶ 16. We acknowledge that WIS. STAT. § 30.133 does not explicitly refer to reservation of riparian rights by easement. Regardless, *ABKA* and *Stoesser* make clear that the legislature enacted § 30.133 to prohibit the reservation of riparian rights by easement upon the transfer of title of riparian land. Thus, we read language providing that "no owner of riparian land that abuts a navigable water may convey, by easement or by a similar conveyance, any riparian right in the land to another person" to preclude the reservation of riparian

---

[9] This policy choice is also represented by WIS. STAT. § 30.12, which provides that only riparian owners have the right to place a pier in navigable waters. Non-riparian owners have no such right. *See also State v. Bleck*, 114 Wis. 2d 454, 466, 338 N.W.2d 492 (1983) ("[T]he right to place a pier is merely an incident of riparian ownership.").

621

rights apart from riparian land by an easement, as well as the granting of riparian rights to a non-riparian owner.

¶ 17.    In sum, we conclude that WIS. STAT. § 30.133 prohibits the severing by easement or by a similar conveyance of riparian rights from the riparian lands to which they are appurtenant. We therefore conclude that the easement in the Declaration of Condominium reserving C & B the right to control pier placement is void as contrary to § 30.133. Accordingly, we affirm the circuit court's order granting the Association's motion for summary judgment.[10]

*By the Court.*—Order affirmed.

---

[10] The Association moves for attorney fees and costs, contending that C & B's appeal is frivolous under WIS. STAT. RULE 809.25(3)(c). The issue of whether an appeal is frivolous is a matter of law. *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 253, 517 N.W.2d 658 (1994). The Association alleges that C & B's brief fails to follow the rules of appellate procedure, makes incoherent arguments and fails to include cites to the record and to legal authority. We agree that C & B has failed to adhere to certain appellate rules, including WIS. STAT. RULE 809.23(3), prohibiting citation to unpublished opinions, and WIS. STAT. RULE 809.19(1)(d), requiring "appropriate references to the record," and that some of its arguments are difficult to follow. Nevertheless, we conclude that C & B made a reasonable, good faith argument for a different interpretation of WIS. STAT. § 30.133. *See Howell v. Denomie*, 2005 WI 81, ¶ 9, 282 Wis. 2d 130, 698 N.W.2d 621. We therefore conclude that C & B's appeal was not frivolous and deny the Association's motion for attorney fees and costs.