IN RE the MARRIAGE OF: JoAnn M. WAINWRIGHT, Petitioner-Respondent,

v.

Robert G. WAINWRIGHT, Respondent-Appellant.

Court of Appeals

*No. 92–2380–FT. Submitted on briefs November 25, 1992.—Decided April 8, 1993.*

(Also reported in 500 N.W.2d 343.)

For the respondent-appellant the cause was submitted on the memorandum of *Joel B. Winnig* of *Joel Bruce Winnig, S.C.* of Madison.

For the petitioner-respondent the cause was submitted on the memorandum of *Leslie D. Shear* of *Murphy & Desmond, S.C.* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM.   Robert Wainwright appeals from a judgment divorcing him from JoAnn Wainwright, and from an amended judgment entered pursuant to JoAnn's motion for reconsideration. JoAnn moved to dismiss the appeal from the divorce judgment on jurisdictional grounds, and we also raised the jurisdictional

issue on our own motion. Upon review of the parties' briefs on jurisdiction, we conclude that the trial court lacked authority to entertain JoAnn's motion to reconsider the judgment. We therefore vacate the amended judgment and order the original divorce judgment reinstated. We further conclude that Robert's appeal from the original judgment must be dismissed as untimely.

The trial court entered judgment on February 14, 1992. JoAnn moved to reconsider several aspects of it twenty-one days later on March 6, 1992. Robert moved to reconsider the maintenance award in a motion filed on June 4, 1992.

In a decision and order entered on July 6, 1992, the trial court found that JoAnn's motion was timely under sec. 805.17(3), Stats., and granted it in part, denied it in part, and modified the property division by ordering Robert to pay her an additional $873. The court denied Robert's motion as untimely. An amended judgment was entered on July 28, 1992. Robert appealed from the February 14 judgment and the amended judgment on September 17, 1992.

Section 805.17(3), Stats., provides:

> Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly. The motion may be made with a motion for a new trial. If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judg-

ment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

■

Counting the days between February 14, 1992, and March 6, 1992, establishes that the trial court erred when it found that JoAnn filed her reconsideration motion within the time allowed by sec. 805.17(3), Stats. JoAnn concedes that she filed her motion on the twenty-first day after entry of the judgment, but asserts that sec. 801.15(5)(a), Stats., added three days to the twenty allowed by sec. 805.17(3). That section provides that whenever a party must perform some act within a prescribed period after service of a document on the party, three days are added to the prescribed period if the document is served by mail. That section is therefore inapplicable because the time for filing a sec. 805.17(3) motion is triggered by entry of the judgment, not by service on a party. Additionally, sec. 801.15(2)(c), Stats., provides that the time for making motions under sec. 805.17(3) may not be enlarged under any circumstances.

■

In plain terms, sec. 805.17(3), Stats., prohibits the trial court from acting on reconsideration motions filed more than twenty days after judgment is entered. For that reason, we vacate the amended judgment and order the original judgment reinstated.

■

Robert's appeal from the original judgment was not timely. A timely reconsideration motion is neces-

sary to trigger the provisions of sec. 805.17(3), Stats., including those that extend the time for appeal. Without a timely motion, sec. 808.04, Stats., controls the time for appeal, and under that section, Robert's time to appeal the original judgment elapsed on May 14, 1992.[1]

Additionally, even if JoAnn's motion had been timely, Robert's appeal was too late. For appeal purposes, her motion was deemed denied on May 14, 1992, because the trial court had not decided it by that date. The time for appealing from the underlying judgment therefore expired on August 12, 1992.[2] Failure to appeal within the times set by either sec. 808.04, Stats., or sec. 805.17(3), Stats., deprives this court of jurisdiction. *Dobberfuhl v. Madison White Trucks, Inc.*, 118 Wis. 2d 404, 406, 347 N.W.2d 904, 905 (Ct. App. 1984).

---

[1] Section 808.04(1), Stats., the applicable provision in this case, states that:

> An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

[2] Section 805.17(3), Stats., provides in relevant part:

> If within 90 days after entry of judgment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

*By the Court.*—Amended judgment reversed and original judgment reinstated; appeal from the original judgment dismissed.