HRUZ, J.[1]
¶ 1 In these consolidated appeals, Kole Eichinger challenges the circuit court's 2017 order denying expunction of misdemeanor crimes to which he pleaded guilty in 2012.[2] Well after he completed his applicable sentence, Eichinger moved the circuit court to expunge his record, believing he met the requirements of Wisconsin's expunction statute, WIS. STAT. § 973.015. Of particular significance, the statute has a timing component that restricts when a court may grant expunction. According to the statute, a circuit court may only make an expunction decision at the time it imposes a defendant's sentence.
¶ 2 Eichinger presents unclear arguments that, in many ways, appear to be an attempt at challenging an alleged error made at sentencing, rather than addressing how the circuit court supposedly erred in its 2017 order denying his motion for expunction. In any event, Eichinger's arguments regarding the 2017 order are either factually unsupported or flawed under existing law. We therefore affirm the circuit court's 2017 order denying expunction.
BACKGROUND
¶ 3 In 2012, Eichinger pleaded guilty to five misdemeanor crimes, and the circuit court imposed twenty-four months' probation. Thereafter, Eichinger's counsel reminded the court to consider counsel's earlier recommendation that expunction might be appropriate. The court declined to order expunction at sentencing, stating:
Thank you for reminding me. I am going to hold open the decision on expungement, but I allow you to apply for expungement after 20 months of your probation. So depending upon how you do on that probation, you might come back to me and have a favorable response with respect to expungement. All right?
¶ 4 In 2017, Eichinger retained new counsel and moved the circuit court to expunge his five convictions. Eichinger argued that he was entitled to expunction because the sentencing court had "qualified [him] for expungement" and instructed him that "if he successfully completed probation in 20 months his record would 'have a favorable response' in regards to expungement." The circuit court disagreed and denied Eichinger's motion.[3] Citing State v. Hemp , 2014 WI 129, 359 Wis. 2d 320, 856 N.W.2d 811, and State v. Matasek , 2014 WI 27, 353 Wis. 2d 601, 846 N.W.2d 811, the circuit court concluded that it lacked authority to grant expunction because the court did not order expunction at Eichinger's sentencing in 2012, as WIS. STAT. § 973.015 requires. Eichinger now appeals the court's order.[4]
DISCUSSION
¶ 5 We begin by properly framing the issue on appeal. Eichinger's arguments relating to his appeal of the circuit court's 2017 order denying expunction are often difficult to understand. It appears he believes this appeal includes a review of his sentence and the judgments of conviction entered in 2012.[5] His brief-in-chief is devoted almost entirely to arguing that the circuit court committed "clear error" when it decided in 2012 to "hold open the decision of expungement" by requiring Eichinger to "[p]etition the [c]ourt at the completion of probation for expungement after sentencing." Indeed, most of his briefing mirrors his expunction motion to the circuit court and contains little argument explaining to us how the court erred in its 2017 order. In any event, no timely appeal was taken from Eichinger's judgments of conviction, and any alleged errors made at sentencing are thus not before us on this appeal. See Wainwright v. Wainwright , 176 Wis. 2d 246, 250, 500 N.W.2d 343 (Ct. App. 1993). While the court's actions in its 2012 sentencing are relevant, the only issue properly before us on appeal is a review of the circuit court's 2017 order denying expunction, not a review of Eichinger's 2012 sentencing.
¶ 6 To that end, a circuit court's decision to grant or deny expunction is discretionary, which we will not disturb unless erroneously exercised. State v. Helmbrecht , 2017 WI App 5, ¶ 8, 373 Wis. 2d 203, 891 N.W.2d 412 (2016). A circuit court properly exercises its discretion when it "relies on relevant facts in the record and applies a proper legal standard to reach a reasonable decision." State v. Thiel , 2012 WI App 48, ¶ 6, 340 Wis. 2d 654, 813 N.W.2d 709. Additionally, determining whether the court applied the proper legal standard requires us to consider statutory interpretation principles; the interpretation and application of a statute present questions of law that we review de novo. State v. Arberry , 2018 WI 7, ¶ 14, 379 Wis. 2d 254, 905 N.W.2d 832 (citation omitted).
¶ 7 Eichinger makes no cognizable argument as to how the circuit court erred in its 2017 order, and it is not this court's duty to develop legal arguments on his behalf. See State v. McMorris , 2007 WI App 231, ¶ 30, 306 Wis. 2d 79, 742 N.W.2d 322. The State responds that any argument Eichinger attempts to make is meritless because he is seeking expunction after his sentence had been imposed. It asserts that because the court did not affirmatively order expunction for Eichinger at his sentencing, WIS. STAT. § 973.015 now precludes the court from ordering expunction. We agree.
¶ 8 The statute authorizing expunction is WIS. STAT. § 973.015. In relevant part, it provides that a "court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition." Sec. 973.015(1)(a) (emphasis added). Our supreme court's recent decisions analyzing § 973.015 provide clear direction for interpreting the statute's language.
¶ 9 According to Arberry , WIS. STAT. § 973.015(1)(a) requires a circuit court to determine expunction eligibility during the hearing where a defendant's sentence is imposed, and our supreme court held that a "defendant may not seek expunction after sentence is imposed."[6] Arberry , 379 Wis. 2d 254, ¶ 23. In so doing, the court cited its prior holding in Matasek , which interpreted § 973.015(1)(a)'s phrase "at the time of sentencing" to mean that "if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the sentencing proceeding." Arberry , 379 Wis. 2d 254, ¶ 20 (quoting Matasek , 353 Wis. 2d 601, ¶ 45 ). By determining that a defendant's sentencing is "the time at which a sentence is imposed,"Arberry resolved any doubt from the supreme court's prior holding in Matasek and concluded that "the language of ... § 973.015 and Matasek require that the determination regarding expunction be made at the sentencing hearing." Arberry , 379 Wis. 2d 254, ¶¶ 22-23.
¶ 10 Here, the circuit court did not erroneously exercise its discretion in denying Eichinger expunction in 2017. Quite simply, the court correctly determined that it did not make an expunction determination at Eichinger's sentencing, and it then denied expunction to Eichinger because "expun[ction] must be ordered 'at the time of sentencing' under [ WIS. STAT. ] § 973.015."[7]
¶ 11 So far as we can discern, Eichinger attempts to overcome the foregoing by arguing, first, that the circuit court did affirmatively grant expunction at his 2012 sentencing, conditioned on successful completion of Eichinger's sentence. Second, Eichinger argues that WIS. STAT. § 973.015 requires every sentencing court to make an expunction determination. We reject these arguments because they are belied by the record, an accurate reading of § 973.015, and applicable case law.
¶ 12 Eichinger's assertion that the circuit court granted him expunction at sentencing is incorrect. Throughout his briefs, Eichinger repeatedly contends the court "qualified" him for expunction at his 2012 sentencing. Eichinger fails to reference any case or statute defining what constitutes his qualification for expunction, and he does not explain the notion. If he believes the sentencing court affirmatively granted him expunction, the record establishes no such thing. Absent a clear determination that Eichinger was eligible for expunction, the court could not order expunction after sentencing because "the discretion must be exercised at the sentencing." Matasek , 353 Wis. 2d 601, ¶ 45.[8]
¶ 13 Moreover, while Eichinger cites Matasek to support his argument, Matasek hurts his case, not helps it. Matasek is factually similar in that the circuit court ultimately declined to order expunction during sentencing, see id. , ¶ 9, and the sentencing court did the same here for Eichinger. Eichinger fails to provide any distinguishing factors present here that would warrant a departure from Matasek .
¶ 14 Eichinger is also incorrect when he asserts that WIS. STAT. § 973.015 requires a circuit court to make an expunction determination in every instance. Section 973.015(1)(a) is clear that a "court may order at the time of sentencing that the record be expunged...." (Emphasis added.) Put another way, "if a circuit court is going to exercise its discretion to expunge a record, the discretion must be exercised at the sentencing." Matasek , 353 Wis. 2d 601, ¶ 45 (emphasis added). Thus, while a court is required to make an expunction determination at sentencing if it elects to do so, § 973.015 does not require such a determination as a part of sentencing. In this sense at least, a failure to make any expunction determination is, in effect, the same as an affirmative decision denying expunction.
¶ 15 Eichinger also appears to argue in his brief-in-chief that our supreme court's decision in Hemp resolves this appeal in his favor. In Hemp , our supreme court held that "[i]f a circuit court finds an individual defendant eligible for expun[ction] and conditions expun[ction] upon the successful completion of the sentence," a defendant's record must be expunged as long as he or she successfully completes the sentence. Hemp , 359 Wis. 2d 320, ¶ 23. The court went on to explain that expunction is "automatic" if granted at sentencing and defendants successfully complete their sentence, meaning § 973.015 does not place a burden on defendants to petition the court after their sentence for expunction to occur. Id. , ¶ 43. Because the circuit court in Hemp actually found the defendant eligible for expunction-meaning it made an affirmative decision of eligibility at sentencing-but conditioned that eligibility upon the successful completion of probation, our supreme court held that the defendant was entitled to expunction after he successfully completed his sentence. Id. , ¶¶ 5, 23.
¶ 16 Eichinger asserts that, like the defendant in Hemp , expunction should be granted to him because the circuit court "inappropriately put the burden on the Appellant to petition the court subsequent to sentencing." While he is correct that Hemp held "the plain language of the expungement statute mandates a self-executing process," Eichinger still ignores the fact that the court never granted him expunction at his 2012 sentencing. Unlike here, the circuit court in Hemp originally made an affirmative expunction decision at sentencing. Id. , ¶ 5. The supreme court's decision that expunction is a self-executing process is only true "if a circuit court finds an individual eligible for [expunction]." Id. , ¶ 23 (emphasis added). Hemp plainly does not apply to Eichinger's case.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

These appeals are decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

" '[E]xpungement' and 'expunction' mean the same thing." State v. Arberry , 2018 WI 7, ¶ 1 n.2, 379 Wis. 2d 254, 905 N.W.2d 832.

The Honorable Dee Dyer presided over Eichinger's plea hearing and sentencing. The Honorable Vincent Biskupic entered the order denying Eichinger's expunction motion.

Eichinger's notice of appeal also states that he is appealing the "entire Judgment of Conviction entered ... on August 22, 2012...." For the reasons we set forth in this opinion, Eichinger misunderstands the scope of his appeal.

For example, after stating in his reply brief that "the State fails to acknowledge the issue of this appeal nearly in its entirety," Eichinger claims that the issue on appeal is whether the circuit court committed "an error of law at the time of sentencing...."

The supreme court decided Arberry in January 2018, which was after Eichinger submitted his brief-in-chief. The State cited to Arberry in its response brief to support its argument, yet Eichinger failed to address Arberry in his reply brief. Although we may interpret Eichinger's inaction as a concession, we nevertheless address his argument's merits. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

Implicit in the circuit court's denial is its finding that the court did not determine expunction at Eichinger's 2012 sentencing. Because that finding is necessary to the court's decision and is supported by the record, we accept that implicit finding of fact. See Town of Avon v. Oliver , 2002 WI App 97, ¶ 23, 253 Wis. 2d 647, 644 N.W.2d 260.

We recognize Eichinger's belief that the circuit court made a "clear error" when it decided to " 'hold open' the decision of expungement." That argument, however, would only be relevant to an appeal from his 2012 judgments of conviction. As we have explained, any issues regarding Eichinger's 2012 sentencing are untimely and not before us today, and we decline to address them. See Wainwright v. Wainwright , 176 Wis. 2d 246, 250, 500 N.W.2d 343 (Ct. App. 1993).