**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 5, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2024AP88**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022FA63

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

SARAH DIANE KRAEMER,

　　PETITIONER-RESPONDENT,

　V.

BENJAMIN DEAN TRAUN,

　　RESPONDENT-APPELLANT.

　　　　APPEAL from an order of the circuit court for Dane County: SUSAN M. CRAWFORD, Judge. *Affirmed*.

　　　　Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

　　¶1　　GRAHAM, J. Benjamin Traun, who was married to Sarah Kraemer, challenges several determinations that the circuit court made in the parties' judgment of divorce and in the order that granted in part and denied in part

Traun's motion for reconsideration. We ordered the parties to address two questions that pertain to our appellate jurisdiction: whether Traun's notice of appeal was timely as to the divorce judgment under WIS. STAT. § 805.17(3) (2021-22);[1] and whether the rule from *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 26, 197 N.W.2d 752 (1972), and *Silverton Enterprises Inc. v. General Casualty Co. of Wis.*, 143 Wis. 2d 661, 422 N.W.2d 154 (Ct. App. 1988), precludes appellate review of the circuit court order deciding the motion for reconsideration.

¶2     We conclude that we lack appellate jurisdiction over the divorce judgment because, applying WIS. STAT. § 805.17(3), Traun's notice of appeal was not timely as to that judgment. With respect to the order deciding Traun's motion for reconsideration, we conclude that the rule from *Ver Hagen* and *Silverton* does not prevent us from reviewing the portion of the decision in which the circuit court granted reconsideration of a prior determination in the divorce judgment. However, we lack jurisdiction to review the remaining portions of the decision, in which the circuit court denied reconsideration of other prior determinations, because Traun's motion for reconsideration did not raise any new issues that were not disposed of in the divorce judgment. As to Traun's challenge to the determination that the court reconsidered, we reject Traun's arguments and affirm. Separately, we deny Kraemer's motion for costs and attorney fees for this appeal.

## BACKGROUND

¶3     The circuit court divorce proceedings were fact-intensive, and we limit our focus here to those facts that are pertinent to the parties' arguments on

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

appeal. We provide an overview in this background section, and additional detail as needed in the discussion section below.

¶4    Traun and Kraemer were married in 2015, and Kraemer initiated divorce proceedings in 2022. Following a trial in which Traun proceeded without the assistance of counsel, the circuit court entered the divorce judgment, which was a final judgment for purposes of appeal. In that judgment, the court adopted a number of Kraemer's proposals for dividing the marital estate and determining child support. As pertinent to this appeal, the court calculated Kramer's income based solely on the income listed on her W-2 (the "income calculation" determination); it made Traun solely responsible for his premarital student loan debt (the "student debt" determination); it concluded that Traun's use of his investment accounts constituted marital waste (the "investment account" determination); and it did not include proceeds from a sale of Kraemer's stock in its determination of the value of the marital estate (the "stock sale" determination).

¶5    The divorce judgment was entered on April 24, 2023, and Traun filed a timely motion for reconsideration pursuant to WIS. STAT. § 805.17(3). In the brief he filed in support of reconsideration, Traun made various arguments about his student debt, his investment accounts, and Kraemer's stock sale, but he did not make any arguments about the court's calculation of Kraemer's income.

¶6    WISCONSIN STAT. § 805.17(3) provides that a timely motion for reconsideration following a trial to the court is "considered denied and the time for initiating an appeal from the judgment commences" if the circuit court does not decide the motion "within 90 days after entry of judgment." Here, this 90-day

period elapsed in July 2023, before the circuit court decided Traun's reconsideration motion.[2]

¶7     The circuit court entered an order deciding Traun's motion (the "reconsideration decision") on December 4, 2023. In its decision the court granted reconsideration of its prior determination regarding Traun's student debt, but declined to reconsider the remaining issues that Traun raised in his reconsideration motion.[3] With respect to the student debt determination, the court explained that it was granting reconsideration because it had not expressly considered the factors identified in WIS. STAT. § 767.61(3) before excluding the premarital portion of Traun's student debt from the marital estate. Under the circumstances, the court "assume[d], for the purposes of this decision," that its failure to do so was "a manifest error warranting reconsideration." Then, after considering the statutory factors, the court reached the same ultimate conclusion and held Traun solely responsible for the debt.

---

[2] Although all briefing on Traun's reconsideration motion was originally required to be completed by June 2023, the court amended the briefing schedule at Traun's request after he hired counsel to represent him for the purposes of his reconsideration motion. Pursuant to the new schedule, all briefing was completed by late September 2023.

[3] More specifically, the circuit court declined to reconsider its prior determinations regarding the investment accounts and the stock sale. The court also declined to reconsider an additional issue related to Traun's income, but Traun does not make any arguments about that issue on appeal and we address it no further.

¶8      Traun filed a pro se notice of appeal on January 18, 2024.[4]  His appellant's brief challenges the circuit court determinations on the four subjects that are mentioned above.  After we concluded that our appellate jurisdiction might be in question, we ordered the parties to address the timeliness of Traun's appeal as to the divorce judgment, as well as our ability to consider Traun's appeal of the reconsideration decision.

¶9      In addition to her respondent's brief, Kraemer filed a separate motion asking this court to award her the costs and attorney fees she incurred in responding to Traun's appeal.

## DISCUSSION

¶10     We begin our analysis by considering the threshold issues related to our jurisdiction.  After concluding that we have appellate jurisdiction to address just one of the four circuit court determinations that Traun challenges on appeal, we address the merits of Traun's challenge to that determination.  Finally, we address Kraemer's motion for costs and attorney fees.

### I.  Jurisdiction

¶11     We begin by summarizing some of the legal principles that are pertinent to the jurisdictional issues here.  The filing of a timely notice of appeal is

---

[4] Traun's notice of appeal stated that he was appealing the December 4, 2023 reconsideration decision, but the notice of appeal did not state that Traun intended to appeal the April 24, 2023 divorce judgment.  If the notice of appeal was timely as to the divorce judgment, an issue that we discuss below, we would overlook Traun's failure to specifically identify it in the notice of appeal.  *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶46, 299 Wis. 2d 723, 728 N.W.2d 670 ("[A]ppellate courts should liberally construe ambiguities to preserve the right of appeal.").

necessary to give this court jurisdiction to review any judgment or order that was entered in a circuit court case. WIS. STAT. § 809.10(1)(e). The time to appeal a final judgment is generally controlled by WIS. STAT. § 808.04(1), which provides a 45- or 90-day appeal timeline that commences upon entry of the final judgment. In a civil case such as this in which no notice of entry of judgment is filed, a party would typically have 90 days from the entry of the final judgment to file a notice of appeal pursuant to § 809.10(1)(e).[5]

¶12     However, there is another statutory provision, WIS. STAT. § 805.17(3), that will in some cases extend the deadline to appeal a final judgment beyond the 45- or 90-day appeal timeline set by WIS. STAT. § 808.04(1). More specifically, if a party files a motion to reconsider the judgment pursuant to § 805.17(3), as Traun did here, § 805.17(3) delays the commencement of the appeal timeline for a period of time to allow the circuit court to resolve the reconsideration motion.[6]  *See **Continental Cas. Co. v. Milwaukee Metro. Sewerage Dist.**, 175 Wis. 2d 527, 535, 499 N.W.2d 282 (Ct. App. 1993); **Salzman v. DNR**, 168 Wis. 2d 523, 530-31, 484 N.W.2d 337 (Ct. App. 1992).* We discuss

---

[5] The 90-day timeline would be shortened under some circumstances to 45 days if "written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in [WIS. STAT. §] 806.06(5)." WIS. STAT. § 808.04(1).

[6] Although not directly material to the issues we decide here, we stress that WIS. STAT. § 805.17(3) applies only when there is a motion for reconsideration of a final order or judgment following *a trial to the court*. The statute does not apply to delay the commencement of appellate timelines in other instances. *See **Continental Cas. Co. v. Milwaukee Metro. Sewerage Dist.**, 175 Wis. 2d 527, 529, 533, 499 N.W.2d 282 (Ct. App. 1993) (holding that § 805.17(3) does not apply when a motion for reconsideration was made in the summary judgment context); **Highland Manor Assocs. v. Bast**, 2003 WI 152, ¶26, 268 Wis. 2d 1, 672 N.W.2d 709 (although § 805.17(3) allows a tenant to seek reconsideration of an eviction judgment, it does not extend the 15-day deadline to appeal the eviction judgment).*

the text of § 805.17(3) and its application to Traun's appeal in greater detail below.

¶13   Additionally, there is a separate jurisdictional rule established by Wisconsin case law that specifically pertains to orders that resolve a motion to reconsider a previously entered final judgment. *Ver Hagen*, 55 Wis. 2d at 26; *Silverton*, 143 Wis. 2d 661; *see also Marsh v. City of Milwaukee*, 104 Wis. 2d 44, 45, 310 N.W.2d 615 (1981).  The rule is that, if a party failed to timely appeal the judgment, the party cannot revive its expired deadline by appealing an order that denied a motion for reconsideration that presented the same issues as those determined in the judgment sought to be reconsidered. *Silverton*, 143 Wis. 2d at 665.

¶14   We now consider how these jurisdictional principles play out here. As stated, Traun challenges the circuit court's determinations on four subjects:  the income calculation; the student debt; the investment accounts; and the stock sale. We first consider whether we have jurisdiction to review the circuit court's calculation of Kraemer's income, which the court addressed in the divorce judgment but not in its reconsideration decision.  After concluding that we lack appellate jurisdiction to review that determination because Traun did not timely appeal the divorce judgment under Wis. Stat. § 805.17(3), we turn to the remaining determinations, which were addressed in the reconsideration decision as well as in the divorce judgment.

## A. The April 24, 2023 Divorce Judgment

¶15 Traun argues that the circuit court erred when, for purposes of determining child support, the court excluded Kraemer's investment income and calculated Kraemer's income based on her W-2 alone.[7] As mentioned, our ability to review alleged errors related to this determination turns on whether we have jurisdiction to consider a challenge to the divorce judgment, which was a final judgment for purposes of appeal. This is because the income calculation was

---

[7] Although not necessary to our resolution of this appeal, we briefly expand on two separate problems with some of Traun's arguments about the calculation of Kraemer's income and the circuit court's determination about child support.

First, in addition to arguing that the circuit court erred in its final judgment, Traun appears to be arguing that a court commissioner erred with respect to temporary orders that preceded the final judgment and a decision on contempt that was issued after this appeal was filed. To the extent that Traun is attempting to appeal decisions made by the court commissioner, these decisions are not appealable; they must be reviewed in a de novo hearing before the circuit court before they can be appealed to this court. *See State v. Trongeau*, 135 Wis. 2d 188, 191-92, 400 N.W.2d 12 (Ct. App. 1986) (decisions of court commissioners are not appealable); WIS. STAT. § 757.69(8) (a party may obtain review of a court commissioner's decision by seeking a de novo hearing in the circuit court). Traun does not cite anything in the record showing that he obtained de novo review of any of those orders. *See Roy v. St. Lukes Med. Ctr.*, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 ("We are limited to matters in the record.").

Second, Traun argues that Kraemer misrepresented her income to the circuit court throughout the divorce proceedings, and therefore, we should find her "in contempt of court pursuant to [WIS. STAT.] § 767.127 and [WIS. STAT.] § 785.02." Traun does not point to any authority to support the proposition that this court could independently determine that a party is in contempt of a circuit court order, and our review of the case law suggests that such a determination would rest with the circuit court. *See, e.g.*, *Marcott v. Marcott*, No. 2013AP96, unpublished slip op. ¶5 (WI App Feb. 27, 2014) ("The broad authority of the circuit court includes the authority to find a person in contempt of court for intentionally disobeying, resisting, or obstructing an order of the court, such as a divorce judgment. We review a circuit court's contempt finding for an erroneous exercise of discretion." (internal citations omitted)); *Benn v. Benn*, 230 Wis. 2d 301, 308, 602 N.W.2d 65 (Ct. App. 1999) ("We also review a circuit court's use of its contempt power to determine whether the court properly exercised its discretion.").

We cite *Marcott* and two other authored, unpublished decisions in our opinion for persuasive authority pursuant to WIS. STAT. § 809.23(3)(b).

included in the divorce judgment, and Traun did not raise any argument about that calculation in his reconsideration motion. Therefore, to review any errors the court made regarding Kraemer's income, we would have to have jurisdiction over an appeal of the divorce judgment itself.

¶16 Resolution of that issue turns on the interpretation and application of WIS. STAT. § 805.17(3). When interpreting a statute, we begin with its language. *See* ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning," and we read the language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes"; and consistent with its purpose. ***Id.***, ¶¶45, 46, 48.

¶17 As noted, in a civil case such as this in which no notice of entry of judgment was filed, Traun would typically have 90 days from the entry of the divorce judgment to file his notice of appeal pursuant to WIS. STAT. § 809.10(1)(e). Here, however, Traun filed a motion for reconsideration of the divorce judgment under WIS. STAT. § 805.17(3). The parties agree that the filing delayed the "commence[ment]" of the "time for initiating an appeal" of the divorce judgment, meaning that Traun's deadline to appeal was delayed for some period of time. *See* ***Continental Cas. Co.***, 175 Wis. 2d at 535 ("[Section] 805.17(3) modifies the deadline for filing an appeal."). However, the parties dispute how long the commencement of the appeal timeline was delayed. Traun argues that his time to appeal the divorce judgment did not commence until the circuit court decided his reconsideration motion, and that he timely appealed the judgment after the court decided the motion. By contrast, Kraemer argues that, by its terms, § 805.17(3) can delay the commencement of the time to appeal the divorce judgment for no more than 90 days after the date the judgment was

entered, and that here, the deadline to appeal the judgment elapsed before Traun filed his notice of appeal. For reasons we now explain, we agree with Kraemer.

¶18 WISCONSIN STAT. § 805.17(3) provides that, following a trial to a circuit court, a party may file a motion asking the court to "amend its findings or conclusions." The court may deny the motion or "amend the judgment accordingly." *See* § 805.17(3).

¶19 As pertinent to this appeal, a timely motion under WIS. STAT. § 805.17(3) modifies the time to appeal a judgment following a trial to the court by delaying the commencement of the appeal timeline.[8] The final three sentences of § 805.17(3), which address "the time for initiating an appeal," provide:

> If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the court denies a motion …, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection … the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

¶20 Thus, WIS. STAT. § 805.17(3) provides that "the time for initiating an appeal" of the judgment "commence[s]" when one the following events occurs: the court decides the reconsideration motion (either by entering an amended judgment or by denying the reconsideration motion, whether on the record or by

---

[8] Here, Traun filed his motion for reconsideration after the circuit court made an oral decision on the record at the conclusion of the bench trial, but before the court memorialized its decision in the written judgment that was entered in the record. Kraemer has not argued that Traun's motion was premature. Such an argument would fail under the unambiguous statutory language, which provides that a reconsideration motion must be "made not later than 20 days after entry of judgment." WIS. STAT. § 805.17.

entering an order); or 90 days after the entry of judgment if the court has not decided the motion by that date.[9]  Accordingly, by its unambiguous terms, the statute can delay the commencement of the appeal timeline for no longer than 90 days.

¶21　We acknowledge that, if we were to read the first two sentences of the above-quoted statutory text in isolation, we might conclude that the appeal timeline is delayed until after the circuit court decides the motion, as Traun contends.[10]  However, statutory language should not be read in isolation, and the final sentence of WIS. STAT. § 805.17(3) demonstrates that Traun's interpretation is incorrect.  That sentence unambiguously sets an outer limit on how long the appeal deadline can be delayed—under § 805.17(3), the commencement of the appeal timeline turns on the circuit court's reconsideration decision or the passage of 90 days, whichever occurs first.

¶22　That is how we applied WIS. STAT. § 805.17(3) in *Wainwright v. Wainwright*, 176 Wis. 2d 246, 248-50, 500 N.W.2d 343 (Ct. App. 1993).  *See Berkos v. Shipwreck Bay Condo. Ass'n.*, 2008 WI App 122, ¶8, 313 Wis. 2d 609, 758 N.W.2d 215 ("Also relevant to a statute's plain meaning is prior case law

---

[9] Wisconsin courts have interpreted WIS. STAT. § 805.17(3) in this manner for decades. *See Salzman v. DNR*, 168 Wis. 2d 523, 528, 484 N.W.2d 337 (Ct. App. 1992) ("[U]pon the filing of a motion for reconsideration, the time for filing an appeal does not begin to run until the trial court denies the motion on the record … or the time for consideration of the motion expires."); *Highland Manor Assocs.*, 268 Wis. 2d 1, ¶24 ("The time for appeal from a judgment … would be extended under § 805.17(3).").

[10] *See* WIS. STAT. § 805.17(3) ("If the court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment.  If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first.").

interpreting the statute.") In *Wainwright*, we determined that a husband's notice of appeal of the final divorce judgment was not timely under § 805.17(3). *Wainwright*, 176 Wis. 2d at 250. There, the circuit court did not issue a decision on a pending reconsideration motion until five months after the court entered the divorce judgment, and the husband filed his notice of appeal after the order deciding the reconsideration motion was entered. *Id.* at 248. We explained that, because the court had not decided the reconsideration motion within 90 days of the judgment being entered, the motion was "deemed denied" "[f]or appeal purposes" on the 90th day, and the time for commencing the appeal of the judgment began to run that same day. *Id.* at 250 (citing § 805.17(3)). *Wainwright* therefore supports our conclusion that, under § 805.17(3), an appeal deadline can be delayed, at most, for 90 days.

¶23 Our interpretation finds further support in the drafting history of WIS. STAT. § 805.17(3). As we now explain, this history demonstrates that the drafters of § 805.17(3) were attempting to balance competing concerns, and to encourage reconsideration at the circuit court level while at the same time discouraging undue delay in appeals. Although we "need not" consult extrinsic sources like drafting history if a statute's meaning is plain, as we have concluded that it is here, we may consult these sources to "confirm or verify a plain-meaning interpretation." *See Kalal*, 271 Wis. 2d 633, ¶51.

¶24 The amendments that are pertinent to our analysis were made by our supreme court in 1991, consistent with a proposal that was drafted by the Wisconsin Judicial Council. S. CT ORDER, *In the Matter of the Amendment of the Rules of Civil Procedure: Sections 801.15(2)(c), 805.16(3), 805.17(3), Stats.: Reconsideration Motions*, 160 Wis. 2d xiii (eff. July 1, 1991); *see also* Minutes of the Meeting of the Wisconsin Judicial Council (Mar. 15, 1991). Prior to those

amendments and much like the current version of the statute, § 805.17(3) authorized a party to file a motion asking the court "to amend the judgment" or "its findings or make additional findings." WIS. STAT. § 805.17(3) (1989-90). However, unlike the current version, the prior version did not delay the commencement of the appeal timeline for any period of time while the reconsideration motion was pending. *Id.* As a result, members of the judicial council were concerned that the reconsideration process was used less often than it might otherwise be used, and appellate courts were "[r]ather frequently" "urged to decide a case upon a theory never adequately presented to the trial court." Minutes of the Meeting of the Wisconsin Judicial Council (Sept. 15, 1989).

¶25 To address that issue, the judicial council discussed ways to improve the reconsideration procedure. Specifically, the council predicted that "the number of appeals might be reduced" if "arguments which are now made for the first time in the [c]ourt of [a]ppeals" were heard "in the trial courts instead." *Id.* To that end, the council initially proposed delaying the appeal deadline until the court "disposed" of the reconsideration motion. *Id.* That way, a party could file a motion asking the court to reconsider its findings and conclusions without fear that the time to appeal might expire while the motion was pending, and the party could hold off on filing an appeal until it knew that "an appeal [would] be necessary." *Id.*

¶26 At the same time, some members of the judicial council appeared to be concerned that, if a motion for reconsideration could delay the commencement of the appeal period indefinitely while the court considered the motion, there might be "an undesirable delay into the appellate process." Letter from the Honorable William Eich, Chief Judge of the Wisconsin Court of Appeals and Member of the Wisconsin Judicial Council, to Professor Eva M. Soeka, Member

13

of the Wisconsin Judicial Council (Jan. 23, 1990). Specifically, the council was aware of "the propensity of busy trial lawyers … and … busy trial judges" to "maximize[e] time limits," and was concerned about the delay that might result if the commencement of the appellate process rested solely on the action or inaction of the court in resolving reconsideration motions. *Id.*; *see also* Minutes of the Meeting of the Wisconsin Judicial Council (Sept. 15, 1989).

¶27 These drafting files suggest that the version that was finally proposed, and eventually adopted by our supreme court, sought to balance these competing concerns. Delaying the commencement of the appeal timeline for a period of time will, in many cases, allow reconsideration motions to be resolved before the time to appeal expires. At the same time, delaying the commencement of the appeal deadline for 90 days at most prevents reconsideration motions from causing undue delay of the appeal.

¶28 Having concluded that WIS. STAT. § 805.17(3) can delay the deadline in WIS. STAT. § 808.04(1) for, at most, an additional 90 days, we now consider whether Traun's appeal was timely as to the divorce judgment. The circuit court entered the judgment, which followed a trial to the court, on April 24, 2023. Pursuant to § 808.04(1), Traun would have 90 days to appeal the final judgment, before taking any delay imposed by § 805.17(3) into account. However, Traun moved for reconsideration pursuant to § 805.17(3), and his timely motion delayed the commencement of the appeal timeline. When the court did not decide the reconsideration motion within 90 days, the motion was considered denied for appeal purposes on July 24 (that is, 90 days after the April 24 judgment). *See* § 805.17(3); *Wainwright*, 176 Wis. 2d at 250. Traun's notice of appeal should therefore have been filed within 90 days of July 24, and it is undisputed that Traun did not file his notice of appeal within that time.

14

Accordingly, we conclude that his notice of appeal was untimely as to the divorce judgment, and we lack jurisdiction to review the court's determination of Kraemer's income.

¶29 We acknowledge that WIS. STAT. § 805.17(3) can be a trap for the unwary and, at times, may result in harsh consequences for parties who do not carefully monitor appeal deadlines. However, the unambiguous language of § 805.17(3) sets a rigid deadline, and the policy underlying that rigid deadline is to prevent reconsideration motions from unduly delaying the appellate process. As explained in *Matton Steamboat Co. v. Murphy*, 319 U.S. 412 (1943), appeal deadlines can be critical to the functioning of our legal system because they "set a definite point of time when litigation shall be at an end" and "advise prospective appellees that they are freed of the appellant's demands." *Id.* at 415.

### B. The December 4, 2023 Reconsideration Decision

¶30 We now consider our jurisdiction over the remaining three determinations that Traun challenges on appeal. As discussed above, the circuit court originally made these determinations in the divorce judgment, and it addressed them again in its order deciding the motion for reconsideration. Given our conclusion that we do not have jurisdiction over the divorce judgment, our ability to review Traun's challenges to these determinations turns on whether we have jurisdiction over his appeal of the reconsideration decision.

¶31 There is no dispute that Traun's appeal of the reconsideration decision was timely under WIS. STAT. § 808.04(1)—the circuit court entered an order deciding Traun's reconsideration motion on December 4, 2023; § 808.04(1) provides a 90-day deadline to appeal in civil cases like this, in which no notice of entry of judgment was served; and Traun filed his notice of appeal on January 18,

2024.  However, Kraemer argues that we cannot review the reconsideration decision because the court lacked competency to enter the order on December 4, 2023.  We consider and reject Kraemer's argument about competency, and we then apply the rule set forth in ***Ver Hagen***, 55 Wis. 2d 21, and ***Silverton***, 143 Wis. 2d 661, which governs our jurisdiction over Traun's appeal of the reconsideration decision.

### 1.  Competency

¶32  Kraemer's competency argument is based on WIS. STAT. § 805.17(3).  As we have explained, the filing of a motion to reconsider a final judgment under § 805.17(3) delays the deadline to appeal a final judgment for up to 90 days.  Kraemer argues that, in addition to delaying the deadline to appeal the divorce judgment, the statute also imposes a 90-day deadline for the circuit court to decide the reconsideration motion, and that the court lost competency to decide the reconsideration motion after those 90 days elapsed.  Therefore, she argues, the December 4 order is "null and void" and was "not a legitimate order … to appeal from."

¶33  As a preliminary matter, we agree with a predicate of Kraemer's argument—that a loss of competency would affect the circuit court's ability to enter a judgment.  *See **Village of Trempealeau v. Mikrut***, 2004 WI 79, ¶10, 273 Wis. 2d 76, 681 N.W.2d 190 (2004) (competency refers to "the court's power to proceed in the particular case before the court"); ***City of Eau Claire v. Booth***, 2016 WI 65, ¶¶7, 12, 370 Wis. 2d 595, 882 N.W.2d 738 (competency is "defined as 'the power of a court to exercise its subject matter jurisdiction'" and "to proceed to judgment in the particular case before the court" (citation omitted)).  We also agree that a court may lose competency to enter judgment if it fails to

16

comply with applicable deadlines. *Id.* ¶21 ("[A] circuit court may lose competency to enter judgment in a particular case if statutory requirements are not met."). However, we do not agree with Kraemer's argument that WIS. STAT. § 805.17(3) imposes a 90-day deadline on the circuit court to decide a motion for reconsideration, after which the court loses competency to act.

¶34 We begin by noting that Kraemer does not identify anything in the text of WIS. STAT. § 805.17(3) that supports her argument. *See Kalal*, 271 Wis. 2d 633, ¶45 ("[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" (citation omitted)). Section 805.17(3) does not contain any language that requires a circuit court to decide a reconsideration motion within 90 days, or that provides that the court loses competency if the motion is not decided within 90 days. Instead, the statute merely says what we have explained above—if the court does not decide the motion within 90 days, "the motion is considered denied and the time for initiating an appeal from the [final] judgment commences." *See* § 805.17(3).

¶35 Nor does Kraemer's argument find support in the case law she cites. That is, Kraemer does not point to any case that has interpreted WIS. STAT. § 805.17(3) as imposing a 90-day deadline for the circuit court to decide a reconsideration motion.[11] In *Wainwright*, which we discussed above, we determined that the language of § 805.17(3) modified the party's deadline to appeal a final judgment. *Wainwright*, 176 Wis. 2d at 250. But we did not say that the circuit court was required to decide the reconsideration motion within 90 days,

---

[11] *See Berkos v. Shipwreck Bay Condo. Ass'n*, 2008 WI App 122, ¶8, 313 Wis. 2d 609, 758 N.W.2d 215 ("Also relevant to a statute's plain meaning is prior case law interpreting the statute.").

or that it had lost competency to issue its decision more than five months after it entered the final judgment. *Id.* at 249-50. Likewise, in a subsequent unpublished opinion that may be cited as persuasive authority, we rejected an argument that the circuit court's reconsideration decision, which was made more than 90 days after the final judgment, was "void" for lack of competency. *See Koch v. Koch*, No. 2011AP1186, unpublished slip op. ¶¶7, 13 (WI App Feb. 6, 2014).[12]

¶36 Kraemer's argument is instead based on a sentence found in *Schmorrow v. Sentry Ins. Co.*, 138 Wis. 2d 31, 405 N.W.2d 672 (Ct. App. 1987). In that case, we analyzed a different statute, WIS. STAT. § 805.16, which we refer to as the "motion-after-verdict statute." *Id.* at 35. The text of the motion-after-verdict statute and a related statute required a circuit court to decide motions after a verdict within 90 days of the verdict.[13] *Id.* at 35-36. In *Schmorrow*, the circuit court failed to decide the pending motions after the verdict within 90 days of the verdict, and we concluded that "[t]he expiration of the ninety-day time limit

---

[12] In *Koch*, our analysis was based on WIS. STAT. § 808.075(3), which provides that a "circuit court retains the power to act on all issues until the record has been transmitted to the court of appeals." *Koch v. Koch*, No. 2011AP1186, unpublished slip op. ¶13 (WI App Feb. 6, 2014). Therefore, we concluded that the circuit court retained competency to decide a reconsideration motion filed under WIS. STAT. § 805.17(3) until the record was transmitted to the court of appeals. *Id.* Although our conclusion in *Koch* ultimately turned on a different statute and we did not specifically address the competency argument that Kraemer makes today, we considered the pertinent text of § 805.17(3) and did not conclude that it imposed any type of deadline on the circuit court.

[13] At that time, the operable version of the motion-after-verdict statute provided that, "[i]f an order granting or denying a motion challenging the sufficiency of the evidence or for a new trial is not entered within 90 days after the verdict, the motion shall be deemed denied." WIS. STAT. § 805.16 (1985-86). A related statute, WIS. STAT. § 805.14 (1985-86), made clear that motions after the verdict must be decided within 90 days of the verdict. *See* § 805.14 (1985-86) ("[i]f a motion after the verdict is timely filed, judgment on the verdict shall be entered upon denial of the motion.") Thus, a motion was "deemed denied" 90 days after the verdict, and the expiration of that time period triggered the entry of judgment. Accordingly, a circuit court therefore had, at most, 90 days to issue a decision on any motions after the verdict.

deprived the trial court of competency to exercise its jurisdiction to decide the motions after the verdict." *Id.* at 37.

¶37    We have no reason to question the *Schmorrow* court's interpretation of the motion-after-verdict statute, which has been reaffirmed in subsequent decisions.[14]  But we conclude that Kraemer's reliance on *Schmorrow* as a basis for interpreting WIS. STAT. § 805.17(3) is misplaced for two reasons.

¶38    First, as we have mentioned, the *Schmorrow* court was interpreting the motion-after-verdict statute, rather than WIS. STAT. § 805.17(3).  Kraemer does not explain why the *Schmorrow* court's interpretation of a different statute should govern our interpretation of § 805.17(3).  *See Techworks, LLC v. Wille*, 2009 WI App 101, ¶27, 318 Wis. 2d 488, 770 N.W.2d 727 (we are not required to entertain undeveloped arguments).

¶39    Second, there are good reasons to interpret WIS. STAT. § 805.17(3) differently from how we have interpreted the motion-after-verdict statute.  The statutes are different not only in their text, but also in their function.  For instance, the motion-after-verdict statute is a pre-judgment procedure that imposes an explicit deadline on the circuit court.  Specifically, the statute provides:  "If within 90 days after the verdict is rendered the court does not decide a motion after verdict…the motion is considered denied *and judgment shall be entered* …."  WIS.

---

[14] *See Brandner v. Allstate Ins. Co.*, 181 Wis. 2d 1058, 1070-71, 512 N.W.2d 753 (1994) (A circuit court "loses its competency to decide post-verdict motions after the 90-day time limit of [WIS. STAT. §] 805.16(3) has expired.  We … therefore conclude that the supplemental decision in this case is a nullity." (citation omitted)); *Eastman v. Bennett*, No. 2006AP626, unpublished slip op. ¶9 (WI App. May 15, 2007) ("[U]nder § 805.16(3), 'a [circuit] court loses its competency to decide post-verdict motions after the expiration of ninety days from the date of the jury verdict.'" (citation omitted)).

STAT. § 805.16(3) (emphasis added). Because the entry of judgment puts the verdict into effect and is the court's "[final] determination of the action," WIS. STAT. § 806.01(1)(a), the motion-after-verdict statute necessarily creates a deadline for the court to decide such motions. Thus, consistent with its text and purpose, we have reasonably interpreted the motion-after-verdict statute as resulting in a loss of competency if the circuit court does not comply with its deadline.

¶40 By contrast, WIS. STAT. § 805.17(3) is a post-judgment procedure that, as discussed above, does not impose any explicit or implicit 90-day deadline on the circuit court that could precipitate its loss of competency. Instead, as we have explained, the text creates a deadline for any party wishing to appeal the previously entered judgment—once 90 days pass without a decision from the court, "the [party's] time for initiating an appeal … commences."

¶41 For all these reasons, we conclude that Kraemer's reliance on *Schmorrow* is inapt. We further conclude that the circuit court had not lost competency to decide Traun's reconsideration motion at the time it issued the December 4, 2023 order.

### 2. The *Ver Hagen/Silverton* Rule

¶42 Our jurisdiction over Traun's appeal of the reconsideration decision is instead governed by *Ver Hagen*, 55 Wis. 2d 21, and *Silverton*, 143 Wis. 2d 661. The rule from those cases is that "[n]o right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the … judgment sought to be reconsidered." *Silverton*, 143 Wis. 2d at 665. The policy underlying the rule is to prevent a party from reviving an expired appeal

deadline by filing a motion for reconsideration that raises the same issues that were decided in a final judgment or order. *See Ver Hagen*, 55 Wis. 2d at 26.

¶43     We pause to emphasize an important point. There would be no need for this court to address whether the reconsideration decision is appealable under the *Ver Hagen*/*Silverton* rule if Traun had timely appealed the divorce judgment, which was a final judgment for purposes of appeal. *See Silverton*, 143 Wis. 2d at 665 (the rule is animated by the concern "that a motion for reconsideration should not be used as a ploy to extend the time to appeal from [a final] order or judgment when the time to appeal [that order or judgment] had expired"). Had Traun timely appealed the divorce judgment and the reconsideration decision alike, there would be no barrier to our appellate jurisdiction, and we would generally review the merits of any challenged determination in either decision based on the applicable legal standards.[15] Here, however, because Traun did not timely appeal the divorce judgment, we must apply the rule from *Ver Hagen* and *Silverton* to resolve the threshold question of whether we have appellate jurisdiction to review the merits of any issues that the circuit court addressed in its reconsideration decision.

¶44     By its terms, the *Ver Hagen*/*Silverton* rule pertains to issues for which the circuit court *denied* reconsideration. *Id.* Here, however, the court indicated that it was *granting* reconsideration of its prior determination about the student debt, and the court issued a new decision that provided additional analysis

---

[15] These standards include the standards for prevailing on a motion for reconsideration, which are set forth in *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853. *See id.*, ¶44 ("To prevail on a motion for reconsideration, the movant must either present newly discovered evidence or demonstrate that the circuit court's prior decision contained a manifest error of law or fact.").

supporting its determination of that issue. Therefore, by its terms, the rule does not prevent us from considering the portion of the reconsideration decision that addressed Traun's student debt. And, apart from the competency argument that we have rejected, Kraemer makes no other argument about why we could not review that portion of the reconsideration decision. We conclude that we have jurisdiction to address the merits of Traun's challenge to the student debt determination, and we consider that challenge in the following section of this opinion.

¶45 We now turn to the determinations that the circuit court declined to reconsider (the investment accounts and the stock sale), and we address whether our jurisdiction is precluded by *Ver Hagen* and *Silverton*. Our case law directs us to apply the "new issues test," which requires us to compare the issues Traun raised in the motion for reconsideration with the issues the court disposed of in the divorce judgment. *Harris v. Reivitz*, 142 Wis. 2d 82, 87-88, 417 N.W.2d 50 (Ct. App. 1987) (citing *Ver Hagen*, 55 Wis. 2d at 25). We do not have jurisdiction over the appeal of any issues raised in the reconsideration decision that were disposed of in the divorce judgment. *See id.* Applying the "new issues" test, we conclude that we lack appellate jurisdiction to review either determination.

¶46 With respect to the investment accounts, Traun's reconsideration motion argued that the circuit court erred when it found that his use of the accounts constituted marital waste. Traun argued that the trial evidence showed that the accounts were "depleted solely [due] to market forces, not due to [his] intentionally squandering … marital property," and he further argued that the court should have valued the accounts based on screenshots he provided that purported to show the account balances as of the day of trial.

¶47 Based on our review of the record, it is evident that the circuit court disposed of those issues in the final judgment. At trial, the court considered whether Traun committed marital waste with his investment accounts, and it determined that the evidence showed that Traun had "emptied out" the accounts over the past year and "has not adequately accounted for what happened to reduce those accounts." The court likewise considered whether it should use the screenshots that Traun provided at trial to value those accounts; however, because the evidence showed that Traun "drained all of the accounts in his control," the court determined that the evidence he provided regarding the account balances was not reliable. Thus, Traun's motion for reconsideration did not present any new issues regarding the investment accounts that the court had not already addressed.

¶48 We reach the same conclusion with respect to the stock sale. In his reconsideration motion, Traun took the position that Kraemer sold stock during the pendency of the divorce, and he argued that the circuit court should have included the proceeds from that sale in the marital estate, given that a temporary order that was in place at that time provided that "[t]he parties shall equally share any proceeds from the sale of [Kraemer's] vested stock units." Again, the court disposed of this issue in the divorce judgment—Traun raised this issue several times during the trial, and the court ultimately declined to include the stock sale in the marital estate. We therefore conclude that Traun's motion for reconsideration did not present any new issues regarding the stock sale that the court had not already addressed.

¶49 In sum, we have appellate jurisdiction to review the portion of the reconsideration decision in which the circuit court reconsidered its prior determination about the student debt because the *Ver Hagen*/*Silverton* rule does

23

not prevent us from reviewing issues for which the circuit court granted reconsideration, but we lack appellate jurisdiction to review the two determinations that the court denied to reconsider because Traun's motion did not present any new issues that the court had not already addressed.

## II. Traun's Student Debt

¶50 We now consider the merits of Traun's challenge to the determination that the circuit court made in its reconsideration decision about his student debt. The division of property in a divorce is a decision "entrusted to the discretion of the circuit court," and will not be disturbed on review unless there has been an erroneous exercise of discretion. *LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789. We will affirm a court's exercise of discretion as long as the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Id.* (citations omitted).

¶51 As mentioned, Traun argues that the circuit court erroneously exercised its discretion when it excluded the premarital portion of Traun's student debt from the marital estate. Specifically, he argues that the court did not consider all the statutory factors as required by WIS. STAT. § 767.61(3), and that, had the court properly applied § 767.61(3), it would have divided his premarital student debt equally between the parties. We disagree.

¶52 Traun is correct that WIS. STAT. § 767.61(3) presumes that property will be equally divided between divorcing parties, and provides that a deviation from that presumption must "be based upon consideration of all [of] the statutory factors" in § 767.61(3). *Id.*, ¶24. However, a circuit court is not precluded "from giving one statutory factor greater weight than another, or from concluding that

24

some factors may not be applicable at all." *Id.*, ¶¶24-25. Additionally, a court's "failure to address factually inapplicable statutory factors" is not considered an erroneous exercise of discretion. *Id.*, ¶26. Therefore, contrary to Traun's assertions, it was not necessarily an "erroneous exercise of discretion" that the court discussed some but not all of the statutory factors in its written order. This is especially true under the circumstances here, in which the court explicitly stated that it was addressing only "the relevant factors" in its reconsideration decision. Accordingly, we decline to conclude that the court erred in exercising its discretion merely because its written order did not discuss factors that were "factually inapplicable." *Id.*

¶53     To the extent that Traun takes issue with the circuit court's analysis under WIS. STAT. § 767.61(3), we conclude that the court's decision to allocate the premarital student debt solely to Traun was reasonable. In allocating the debt to Traun, the court considered Traun's relatively high earning capacity, the fact that "[he] alone [would] benefit from his increased earning capacity post-divorce," and his use of marital assets to invest in day trading and cryptocurrency when he "could have made considerable progress in paying down his student loan debt during the marriage." Although those factors appeared to weigh most heavily in the court's analysis, the court also considered Kraemer's earning capacity, which was considerably lower than Traun's, as well as her contribution of "personal assets" to the marriage while Traun completed his education. For these reasons, it is evident that the court "examined the relevant facts, applied a proper standard of law," and used "a demonstrated rational process" to make its determination. *Id.*, ¶13.

### III.  Kraemer's Motion for Costs and Attorney Fees

¶54    We now address Kraemer's motion for costs and attorney fees. Kraemer argues that she is entitled to costs and fees under WIS. STAT. RULE 809.25(3)(c)2. because Traun's appeal is frivolous, or alternatively, based on the "overtrial" doctrine.  We address each argument in turn.

¶55    Whether an appeal is frivolous is a question of law.  *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621.  Sanctions for a frivolous appeal will be imposed if the court concludes that the party "knew, or should have known, that the appeal … [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law."  *Id.* (citing WIS. STAT. RULE 809.25(3)(c)2.).  Although we give some allowance to pro se parties, the standard is objective, so we must examine what a reasonable person "in the position of this pro se litigant kn[e]w or [should] have known about the facts and the law relating to the arguments presented."  *Holz v. Busy Bees Contracting, Inc.*, 223 Wis. 2d 598, 608, 589 N.W.2d 633 (Ct. App. 1998).

¶56    Importantly, to award costs and attorney fees, we "must conclude that the entire appeal is frivolous."  *Howell*, 282 Wis. 2d 130, ¶9.  In deciding whether an appeal is frivolous under WIS. STAT. RULE 809.25(3)(c)2., we "resolve all doubt in favor of finding the claim[s] nonfrivolous."  *Dietscher v. Pension Bd. of Emps. Ret. Sys. of Milwaukee*, 2019 WI App 37, ¶56, 388 Wis. 2d 225, 932 N.W.2d 446 (citation omitted).

¶57    Admittedly, Traun's arguments on appeal are weak.  We have concluded that we lack appellate jurisdiction over the majority of issues that Traun raised in his appeal, and on the one issue that is the proper subject of appeal, he

26

has not persuaded us that the circuit court erred. However, we cannot conclude that Traun's entire appeal lacks any "reasonable basis in law or equity." *See Howell*, 282 Wis. 2d 130, ¶9 (quoting WIS. STAT. RULE 809.25(3)(c)2.). Specifically, Traun presented a nonfrivolous challenge to the circuit court's treatment of his student debt, which was based on the text of the pertinent statute, WIS. STAT. § 767.61(3). Although we have concluded that the court did not erroneously exercise its discretion under § 767.61(3), the record provides the raw material for an argument that the court did not correctly apply that statute. Accordingly, we conclude that the entire appeal is not frivolous.

¶58    We now address Kraemer's alternative argument that we should impose costs based on Traun engaging in "overtrial." We reject this argument for two reasons.

¶59    First, the argument is insufficiently developed. Although Kraemer asserts that she is the "victim of overtrial," she does not develop an argument to support her assertion that Traun "unreasonably [engaged in] excessive litigation … resulting in overtrial." *Zhang v. Yu*, 2001 WI App 267, ¶11, 248 Wis. 2d 913, 673 N.W.2d 754.

¶60    Second, Kraemer does not identify any authority to support the position that an appellate court may independently determine that a party has engaged in overtrial and impose sanctions on that basis. The court of appeals is not a fact-finding court, *Lange v. LIRC*, 215 Wis. 2d 561, 572, 573 N.W.2d 856 (Ct. App. 1997), and our review of the case law suggests that a determination about overtrial rests with the circuit court. *See Zhang*, 248 Wis. 2d 913, ¶11 ("Whether excessive litigation occurred is a question of historic fact to be determined by the circuit court."); *Ondrasek v. Ondrasek*, 126 Wis. 2d 469, 483,

377 N.W.2d 190 (Ct. App. 1985) ("The award of contribution to attorney fees rests within the discretion of the trial court."). Although Kraemer asked the circuit court to impose costs, she does not identify anything in the record that shows that the court made a finding that Traun engaged in overtrial in this case.

## CONCLUSION

¶61 For the reasons explained above, we conclude that we lack appellate jurisdiction over the divorce judgment. Regarding the reconsideration decision, we conclude that we have appellate jurisdiction to review the portion of the decision in which the circuit court granted reconsideration of its prior determination about Traun's student debt; however, we lack jurisdiction to review the remaining determinations, which the court declined to reconsider. Regarding the merits of the circuit court's determination about his student debt, we reject Traun's arguments and affirm the reconsideration decision. Separately, we deny Kraemer's motion for costs and attorney fees for this appeal.

*By the Court.*—Order affirmed.

Recommended for publication in the official reports.